### J. J. SWEENEY v. TAYLOR BROTHERS ET AL.

Decided January 17, 1906.

**1.—Jurors—Peremptory Challenges—Parties to Suit.**

Where the interests and claims of codefendants are antagonistic, each defendant is entitled to the full number of challenges given by the statute to each party to the suit. But the refusal of the trial court to allow this right will not authorize a reversal of the judgment unless it appears from the record that the party complaining was probably injured thereby.

**2.—Chattel Mortgage—Registration—Notice.**

The registration of a chattel mortgage executed by a married woman is not constructive notice of the existence of the mortgage.

**3.—Same—Married Woman.**

A diamond ring purchased by a married woman with community funds becomes community property, and the husband would have the right to pawn or pledge the same; and the pledgee without notice, actual or constructive, of a prior mortgage executed by the wife alone would have a lien superior to that held by the mortgagee under the wife.

**4.—Marriage—Evidence.**

Facts considered, and held insufficient to support a finding that the mortgagor of the ring in question was not a married woman at the time of the execution of the mortgage.

Appeal from the County Court of Harris County. Tried below before Hon. Blake Dupree.

*Brockman & Kahn,* for appellant.—The interests of the defendant, Addie Humphreys, and defendant, Sweeney, being inimical and antagonistic, Addie Humphreys having filed a cross action against defendant Sweeney, the defendant Sweeney was entitled to his statutory right of three peremptory challenges to the list of jurors, independent of the challenges to which Addie Humphreys or her guardian ad litem were entitled. Rev. Stats., art. 3213; Texas & P. Ry. Co. v. Stell, 61 S. W. Rep., 980; McLaughlin v. Carter, 37 S. W. Rep., 666; Mutual Life Insurance Co. v. Hillmon, 145 U. S., 285; Hargrove v. Vaughn, 82 Texas, 347.

The court erred in permitting the plaintiff, C. W. Taylor, while on the stand as a witness in his own behalf, to testify that he knew Addie Humphreys was not a married woman by her having told him so. Sayles' Texas Civ. Stats., art. 2302; Hamilton v. Starr, 27 S. W. Rep., 587.

The court erred in submitting to the jury the question whether defendant, Addie Humphreys, was married at the time of the execution of the mortgage by her, when the undisputed evidence showed that she was a married woman.

*A. E. Amerman,* for appellees.—The refusal of the court to allow a party the full number of peremptory challenges, if error, is harmless and immaterial where it is not shown by the record that injury thereby resulted to said party. St. Louis S. W. Ry. v. Barnes, 72 S. W. Rep., 1042; Snow v. Starr, 75 Texas, 414; Houston & T. C. Ry. v. Terrell, 69 Texas, 650; Wolf v. Perryman, 82 Texas, 112; Kelley-G. Shoe Co. v. Liberty Ins. Co., 28 S. W. Rep., 1027.

PLEASANTS, ASSOCIATE JUSTICE.—Appellees, Taylor Bros., a firm composed of E. E. Taylor, C. W. Taylor and F. C. Taylor, brought this suit against Addie Humphreys, Abe Humphreys and appellant to recover against Addie Humphreys the sum of $265, the alleged unpaid balance of the purchase price of a diamond ring, sold by plaintiff to said defendant, and to foreclose a chattel mortgage upon said ring against all of the defendants, or in the alternative to recover possession of the ring on the ground that Addie Humphreys obtained its possession by fraud and misrepresentation, and that any title which the other defendants may assert thereto was acquired with notice of plaintiff's rights and is therefore invalid.

The petition alleges, in substance, that plaintiff sold and delivered to Addie Humphreys on or about February 15, 1904, the diamond ring involved in this suit, which is fully described in the petition, for the agreed price of $325, which was its reasonable value; that said defendant paid plaintiff for the ring the sum of $50 cash and executed and delivered to plaintiff her written contract wherein she agreed to pay the further sum of $275 in weekly installments of $10 each, and to secure the performance of said contract executed and delivered to plaintiff a chattel mortgage upon said ring, which mort-

gage was on said date duly registered in the chattel mortgage records of Harris County; that said defendant paid the sum of $10 on said contract, and there is now due and unpaid thereon a balance of $265, with interest and attorney's fee, for which amount judgment is prayed.

It is further alleged that the defendant, Abe Humphreys, is claiming to be the husband of Addie Humphreys, and that defendant Sweeney is asserting some claim or title to the ring, and judgment is asked against all of the defendants foreclosing the alleged chattel mortgage upon the ring. It is further alleged that plaintiff had no knowledge at the time the ring was sold to Addie Humphreys that she was a married woman, and that she represented to plaintiff's agent that she was unmarried and thereby induced him to sell and deliver the ring to her, and that if she was in fact married at that time she obtained possession of said ring by fraud and misrepresentation and therefore title to same did not pass by said contract of sale, and plaintiff is entitled to recover its possession from all of the defendants.

It is further alleged that if the defendant Sweeney ever acquired possession of the ring he got it from a person who had no right to its possession and no authority from Addie Humphreys to dispose of it and therefore he acquired no title thereto as against Addie Humphreys or the plaintiff.

There is a prayer in the alternative for the recovery of the ring against all of the defendants in event the court should find that the mortgage may be invalid by reason of the fact that at the time of its execution the said Addie Humphreys was a married woman.

The defendant Sweeney denied generally the allegations of plaintiff's petition and pleaded specially that Addie Humphreys was a married woman at the time she executed the mortgage, and the record of such mortgage was not notice to him, and that he was a purchaser for value of the ring in question without notice of plaintiff's claim.

The defendant, Addie Humphreys, was *non compos mentis* at the time of the trial and was represented by a guardian *ad litem*. The answer of the guardian *ad litem* contains a general denial of the averments of defendant Sweeney's answer, and specially avers that the ring is the separate property of said Addie Humphreys and that the person from whom the defendant Sweeney acquired it was not authorized to dispose of it. This answer further admits the truth of the allegations of plaintiff as to the sale of the ring for the sum of $325 and the payment of $60 of said sum, but seeks to avoid the payment of the balance due on the contract on the ground that Addie Humphreys has since its execution become of unsound mind. The prayer of the answer is for the recovery of the ring as against the defendant Sweeney, and in event the plaintiff should be held entitled to a foreclosure of the mortgage that this guardian have judgment against plaintiff for the $60 paid upon said contract.

The cause was tried by a jury, and verdict and judgment rendered in favor of plaintiff for the amount claimed in the petition, with foreclosure of the mortgage upon the ring, and in favor of Addie Humphreys for the recovery of the ring against the defendant Sweeney.

The court instructed a verdict in favor of defendant Abe Humphreys and judgment was rendered accordingly.

Appellant's fifth assignment of error complains of the ruling of the trial court in refusing to allow him, in the selection of the jury, the full number of peremptory challenges given by the statute to each party to a suit in the County Court.

The interests and claims of appellant and his codefendant, as disclosed by the pleadings, were directly antagonistic, and in such case it is well settled that each must be considered a party in the purview of the statute fixing the number of challenges to which each party to a suit is entitled. International & G. N. Ry. Co. v. Bingham, 13 Texas Ct. Rep., 971.

It is equally as well settled that the refusal of the trial court to allow a party his statutory number of challenges will not authorize a reversal of the judgment unless it appears from the record that the appellant was probably injured by such ruling.

The bill of exceptions in this case shows that appellant exhausted the challenges allowed him by the trial court, but does not show that any person objectionable to him was chosen a member of the jury. In the absence of such showing we do not think the record shows probable injury. Unless it be true that the appellant would have used the additional challenges he was certainly not injured by the ruling complained of, and there is nothing in the bill of exceptions to indicate that he would have used them. Snow v. Starr, 75 Texas, 414; Waggoner v. Dobson, 96 Texas, 6; International & G. N. Ry. Co. v. Bingham, *supra*.

The evidence shows that plaintiff sold and delivered the ring to the defendant, Addie Humphreys, upon the terms stated in the petition, and that the amount claimed in the petition was due plaintiff under the terms of said contract of sale. The mortgage executed by Addie Humphreys to secure plaintiff was not signed by Abe Humphreys and was not executed by his authority or consent. This mortgage was duly registered on the day of its execution.

Some time after she purchased the ring Addie Humphreys pawned it to one, Blanck, to secure a loan of $60, and failed to redeem it at the time specified in the contract of pledge. Subsequently Blanck, with the knowledge and consent of Abe Humphreys, pawned the ring to the defendant Sweeney to secure a loan of $125. Abe Humphreys testified that after paying Blanck the amount of his loan out of this $125 he gave the balance to his wife, Addie. When Sweeney received the ring from Blanck and advanced him the $125 he did not know that it belonged to Addie Humphreys, and had no actual notice of plaintiff's mortgage. The ring was in his possession at the time the suit was brought and he has never been paid the $125 which he loaned thereon.

The member of plaintiff's firm who made the sale to Addie Humphreys testified that he had known Abe and Addie Humphreys for several years before he sold her the ring and knew that they lived together, but that Addie told him while she was negotiating for the purchase of the ring that she was not married to Abe, and that he made the contract of sale with her on the faith of the representation that she was not married. Abe Humphreys testified that he was Addie's husband; that he married her in Dallas four or five years before the trial in the court below, and they had lived together as husband and

wife until she became insane and was sent to the asylum, and were so living together at the time plaintiff sold her the ring and the mortgage in question was executed.

Upon these facts the priority of plaintiff's lien over that of appellant depends upon the question of whether Addie and Abe Humphreys were married at the time she executed the mortgage to plaintiff, and the court so instructed the jury.

Appellant had no actual notice of the mortgage, and he can not be charged with constructive notice by the registration of a mortgage executed by a married woman without being joined therein by her husband, no facts being shown which would authorize its execution by the wife alone.

Under appropriate assignments appellant complains of both the charge of the court submitting the issue of coverture, and the verdict of the jury thereon, on the ground that the uncontradicted evidence shows that Addie Humphreys was a married woman at the time she executed the mortgage, and therefore that issue ought not to have been submitted to the jury and the verdict is without evidence to support it.

We think these assignments should be sustained. The only testimony tending to contradict the testimony of Abe Humphreys that he married Addie several years before the trial and that they had never been divorced, but had continuously lived together as husband and wife up to the time that she was sent to the asylum, was the statement of the witness, C. W. Taylor, that when he sold the ring to Addie she told him that she and Abe were not married. This testimony was clearly hearsay, and for that reason inadmissible on the issue of whether Addie was a married woman at the time she executed the mortgage, and it was objected to by the appellant upon that ground. The evidence was admissible upon the issue of fraud as alleged in the petition, but should not, over the objection of appellant, have been admitted on the issue of coverture, and can not be considered as evidence upon that issue.

If the defendant Addie Humphreys was the wife of Abe Humphreys at the time she executed the mortgage, its registration was not constructive notice to appellant, no facts being alleged or proven which would make said mortgage valid as between the parties thereto.

If purchased by the wife during coverture, the ring became community property, there being no evidence that it was purchased with her separate funds, and the husband had the right to sell or pledge it to appellant.

The undisputed evidence shows that Abe Humphreys not only authorized but participated in the transaction in which the ring was pledged to appellant to secure the loan of $125, and that appellant had no notice at the time he made said loan that plaintiff had a lien upon the ring. Upon this evidence appellant's lien was entitled to priority over that asserted by the plaintiff, and the verdict and judgment of the trial court can not be sustained.

None of the remaining assignments point out any error and all are overruled.

Because, in our opinion, the evidence is not sufficient to sustain the

finding that Addie Humphreys was not married to Abe Humphreys at the time she executed the mortgage to plaintiff the judgment of the court below, foreclosing plaintiff's lien against appellant and in favor of Addie Humphreys against appellant for possession of the ring, is reversed and the cause remanded. The remainder of the judgment is undisturbed.

*Reversed and remanded.*