## H. E. WALKER v. L. R. ERWIN.

Decided November 28, 1907.

**1.—Deed—Delivery and Acceptance.**

Both delivery and acceptance of a deed may be shown by circumstances; the delivery may be to another for benefit of the grantee; and acts of the latter showing an intention to receive the title may establish acceptance; the paper need not be actually transferred, and the question of delivery becomes sometimes one of intent to be determined by the jury.

**2.—Same—Proof—Peremptory Charge.**

Evidence in relation to a deed of gift by a mother to a son and daughter reserving a life interest in the grantor, and which, after acknowledging, she placed in a trunk accessible to the daughter as well as herself, with declarations before executing it that it would be delivered to the daughter for execution for her and the son, and after execution that it was in possession of the daughter who could have had it recorded, held sufficient to justify the submission of the issue as to its delivery and acceptance, and rendered a peremptory instruction on the assumption that there had been no delivery when it was afterwards burned by the grantor, improper.

**3.—Same—Estoppel.**

Where a former statement by a party deraigning title under a deed, now claimed by him to have been delivered, accepted and to have passed title, that he did not claim title under it, relied on as estopping him from asserting title against one purchasing on the strength of such disclaimer, was explained by him as having been only that he then claimed no present right as against the grantor because she had retained a life interest and was still living, the question of estoppel was one for the jury, and a peremptory instruction against him was unwarranted.

**4.—Estoppel—Evidence—Hearsay.**

On the issue of plaintiff's estoppel by testimony given in a suit between other parties disclaiming title in himself to the land in controversy, what he was reported to defendant by others to have testified to on that trial, was hearsay and inadmissible.

**5.—Evidence—Agreed Judgment.**

A judgment by agreement between third parties was not admissible to tax defendant with knowledge that the matters so settled by agreement had been judicially determined.

Appeal from the District Court of Lamar County. Tried below before Hon. T. D. Montrose.

*Sturgeon & Moore* and *Wm. Hodges,* for appellant.—The question of delivery of a deed being one of fact dependent upon the intent of the grantor, evidence that the grantor in this suit had executed and acknowledged a deed conveying the property in controversy to the plaintiff, and had afterward stated that she had so conveyed, and that plaintiff's sister could have the deed recorded any time she wanted to do so, were facts sufficient to sustain a finding, that there had been a delivery of the deed in question, and the issue should have been submitted to the jury. Lord v. New York Life Ins. Co., 95 Texas, 216; Hubbard v. Cox, 76 Texas, 239; Elliott v. Morris, 98 S. W. Rep., 221; Griffis v. Payne, 47 S. W. Rep., 973-4; 13 Cyc., 560-1; Bunnell v. Bunnell, 64 S. W. Rep., 424; Gould v. Day,

94 U. S., 405; 24 Law. Ed., 232; 3 Washburn on Real Prop. (3d ed.). Top page 255 to 257.

The question as to whether or not the facts were sufficient to amount to an estoppel was a disputed issue of fact about which the testimony was conflicting and the court should have submitted that issue to the jury. McLaren v. Jones, 89 Texas, 131; Wortham v. Thompson, 81 Texas, 348; Page v. Arnim, 29 Texas, 72; Steed v. Petty, 65 Texas, 490; Bynum v. Preston, 62 S. W. Rep., 428; Nichols v. Crosby, 87 Texas, 443.

The testimony of Dohoney and Hodges was hearsay, immaterial and irrelevant; and even if the facts testified to were true they constituted no grounds of estoppel, that being the only purpose for which it was offered, or could be considered by the court. McLaren v. Jones, 89 Texas, 134; Wortham v. Thompson, 81 Texas, 350; McDow v. Rabb, 56 Texas, 160; 2 Pomeroy Equity Jurisprudence (3d ed.), secs. 805 to 810.

It was error for the court to permit the witness Skidmore to testify as in this instance, when the grantor said she wanted title to vest. Lott v. Kaiser, 61 Texas, 672.

*Hale, Allen & Dohoney,* for appellee.—There was no evidence showing delivery of the instrument to appellant, or anyone for him, nor acceptance thereof. Tuttle v. Turner, 28 Texas, 774; McLaughlin v. McManigle, 63 Texas, 556; Hubbard v. Cox, 76 Texas, 243; Blackman v. Schierman, 51 S. W. Rep., 888; Steffian v. Milmo Nat. Bank, 69 Texas, 517; Gatt v. Shive, 82 S. W. Rep., 303; Koppelmann v. Koppelmann, 94 Texas, 44; Sutton v. Gibson (Ky.), 84 S. W. Rep., 336; Mudd v. Dillon (Mo.), 65 S. W. Rep., 975; 1 Devlin on Deeds, sec. 285; 1 Beach on Contracts, sec. 71.

The instrument in controversy having been destroyed before appellant was aware of its existence, it amounted to an unaccepted gift, which was revocable. And he, upon being informed of it, having declined to claim anything under it, but having rejected and repudiated it, and acquiesced in its destruction by his mother, no title ever passed to him thereby. Lapowski v. Smith, 1 Texas Civ. App., 391; Dycus v. Hart, 2 Texas Civ. App., 354; Hibberd v. Smith, 56 Am. Rep., 735-6; Treadwell v. Buckley, 4 Am. Dec., 225; Lady Superior v. McNamara, 49 Am. Dec., 187; 1 Devlin on Deeds, sec. 276; 1 Beach on Contracts, sec. 71; 13 Cyc., 567, note 34.

Appellant having stated to Wood, appellee's grantor, that he did not claim anything under the deed in controversy before said Wood bought the land in controversy, and having stated on the witness stand in the trial of the case of Nix v. Walker, that he did not so claim, of which said Wood was informed, and said Wood having in good faith bought said land from Mrs. Walker and paid a valuable consideration therefor, relying upon said statements, appellant is estopped from now claiming said land. Westbrook v. Guderian, 3 Texas Civ., 406; Finks v. Buck, 27 S. W. Rep., 1096; Kiersky v. Nichols, 29 S. W. Rep., 72; First Nat. Bank v. McCord, 39 S. W. Rep., 1003; Herman on Estoppel, sec. 953; 2 Pomeroy's Eq. Jur., sec. 805.

Upon the issue of estoppel, evidence that appellee's grantor, before buying the land in controversy, made inquiry and ascertained from the attorneys trying a suit to establish the deed in controversy that appellant was a witness in that case, and stated on the witness stand that he knew nothing about the deed until after its destruction, and that he did not claim anything under it, was admissible for the purpose of showing that he, in good faith, relied upon appellant's statements, and acted upon them in buying the land in controversy. Westbrook v. Guderian, 3 Texas Civ. App., 406, and authorities cited.

WILLSON, CHIEF JUSTICE.—The suit was brought by appellant against appellee to try the title to 36 2-3 acres of land, part of the M. Click survey, in Lamar County. Appellant's petition contained the allegations usually made in the statutory suit of trespass to try title. Appellee's answer was a general demurrer, a plea of not guilty and a general denial of the truth of the allegations in the petition. On a trial had in the District Court of Lamar County, at appellee's instance, the jury was peremptorily instructed to return a verdict in his favor. In accordance with such a verdict, on January 2, 1907, a judgment was rendered against appellant.

By an instrument in writing dated November 1, 1897, Mrs. E. A. Walker, a widow, divided into two parts a tract of land then owned by her, and conveyed to her daughter Effie, who afterwards, in 1899 or 1900, married E. T. Nix, one of the parts; and to her son (appellant) the other part, which included the land in controversy. By the terms of the instrument the estate thereby passed to her children in the land was not to commence until Mrs. Walker's death, she reserving to herself the use of the land during her life. The execution of the document was duly acknowledged by Mrs. Walker; and after executing it she wrapped it in a cloth and placed it in a trunk kept at her home. About 1900, because of some difference between her and her son-in-law Nix, she took the instrument from the trunk, carried it to the home of one of her neighbors and there by burning destroyed it. Afterwards, but when does not appear from the record, she conveyed the land to J. W. Walker, another son, whom, on February 16, 1904, she joined in a deed conveying same to R. E. Wood, who, by a deed dated February 27, 1904, conveyed same to appellee. Mrs. Walker died May 27, 1904, being then 72 years of age. This suit was instituted June 8, 1904.

By his fifth assignment of error appellant complains of the action of the court in peremptorily instructing the jury to return a verdict for appellee. This assignment should be overruled if it appears from the evidence in the record that ordinary minds reasonably could have reached no other conclusion than that the instrument executed by Mrs. Walker in 1897, never became effective as a conveyance because not a deed; or if a deed, because never delivered to and accepted by appellee. (Lord v. New York Life Ins. Co., 95 Texas, 216.)

At the time the trial was had the instrument referred to had been destroyed. The evidence in the record as to its form and contents is meagre, but sufficient, we think, prima facie, to establish it as in

form, and, if delivered, in its effect a deed. We therefore shall so treat and designate it. (Martin v. Faries, 22 Texas Civ. App., 539; Jenkins v. Adcock, 5 Texas Civ. App., 466; Griffis v. Payne, 92 Texas, 293; Griffis v. Payne, 22 Texas Civ. App., 519; Matthews v. Moses, 21 Texas Civ. App., 494; Bombarger v. Morrow, 61 Texas, 417; Chrisman v. Wyatt, 7 Texas Civ. App., 40; Lockridge v. McCommon, 90 Texas, 234.)

The question then follows: Did the evidence present an issue as to the delivery of the deed, which it was the duty of the court to submit to the jury?

Briefly stated, the evidence in the record bearing on the issue as to whether the deed was delivered to and accepted by appellant was as follows:

Prior to the time Mrs. Walker executed the deed she had frequently talked with appellant about conveying the land to him and to his sister Effie. In 1894, when appellant, after an absence of several weeks, visited his mother at her home, she stated to him that she would make him a deed to the land, if he would remain with her long enough. Appellee, in reply to this offer, stated that he could not stay—that he had to leave the next morning—and then suggested to her that, if she wished to do so, she could make the deed after he left and turn it over to his sister Effie, as such an arrangement would be all right with him. Her reply was that she would do so. Appellant left his mother's home the morning following this conversation with her, and did not know until about 1900 that his mother had made the deed. He learned of it then·in connection with information conveyed to him to the effect that his mother, after executing the deed, had destroyed it, and in connection with an invitation from his sister, Mrs. Nix, to join her in a suit she contemplated bringing to establish the deed. On November 1, 1897, at ·the time she executed the deed, Mrs. Walker stated to the notary engaged by her to prepare it that she wanted appellant and her daughter Effie to have ·the land, and wished the deed to be executed by her so written as at her death to vest title in them to the respective parts of the tract to be ·conveyed to them by her. The notary prepared the deed accordingly. After executing it, she asked the notary "what was the best thing to do with it," and he suggested to her to take it and lock it up in her trunk, and let it remain there until her death, when the parties interested would find it. She told him that she would do so. In accordance with the advice given her by the notary, Mrs. Walker did place the deed in a trunk, which during her lifetime had belonged to a deceased daughter, and which was equally accessible to Mrs. Walker and to her daughter Effie. In a conversation had with Mrs. Holcomb, in 1898, Mrs. Walker declared that she had given the land to appellant and to her daughter Effie, and that the latter had the deed upstairs in a trunk, and could have it recorded when she wished to. In this conversation she explained to Mrs. Holcomb that she had made a deed instead of a will, because a will "could be destroyed, and that a deed could not be." On an occasion when Mrs. Walker and her daughter Effie were starting to town the latter asked her if she would take the deed and have it recorded. Mrs. Walker replied that she would take it some other time for that purpose. At

the time she destroyed the deed Mrs. Walker stated to her neighbor that no one had ever seen it except herself and the notary who wrote it. Mrs. Nix testified that she had read it and seen it frequently in the trunk. After Mrs. Walker destroyed the deed, her daughter, Mrs. Nix, brought suit to establish it, or to recover the title to and possession of the land, which does not clearly appear from the record. A trial of the daughter's suit was had in October, 1900. Appellant was not a party to that suit—having declined to join his sister in its institution—but was present at the trial and testified as a witness for his mother. On this trial Mrs. Walker testified that she had never delivered the deed to any one, that she had never given any person the right to take it out of her trunk, and that she had a right to burn it as she had done. On the same trial appellant testified that he knew his mother had burned the deed—that he did not and had not questioned her right to do so—that he had not repudiated her action in burning it—that he did not know whether he had recognized her right to burn it or not, etc. He also testified at the trial of that suit, according to the testimony of witnesses in this one, that he did not claim the land under the deed; and, according to the testimony of R. E. Wood, to whom the land was conveyed by J. W. Walker, as before stated, made a similar statement to him. In his testimony on the trial of the pending suit appellant explained that he understood, and thought his mother at the time understood, that her daughter's suit was to recover the immediate possession of the land; that the rights claimed by him in the land he understood accrued at his mother's death, etc. On the trial of the pending suit he further testified that his mother never said anything to him about taking the land away from him; that, on the contrary, during the trial of her daughter's suit, she assured him she was not trying to dispossess him of the land or to affect his right to it, but intended him to have it. At that time, appellant testified, his mother was old and feeble. It further appeared from appellant's testimony on the trial of the pending suit, that at the time the daughter's suit was tried he knew that his mother had endeavored to sell the land to Bob Wood. He learned this, he thought, from the letter Mrs. Nix wrote him, suggesting that he join her in her suit.

We think the testimony recited made it the duty of the court to submit to the jury the issue as to whether the deed made by Mrs. Walker in 1897 had been delivered to and accepted by the grantees therein; and that the court erred in peremptorily instructing a verdict for appellee, unless it was proper to do so, notwithstanding the evidence bearing on the question of delivery and acceptance, on the issue as to an estoppel, hereafter to be discussed.

To operate as a conveyance it is as necessary that a deed be delivered to the grantee as it is that it be executed by the grantor. (Steffian v. Milmo Nat. Bank, 69 Texas, 518.) It is also essential to its operation as a conveyance that the deed be accepted by the grantee. (Tuttle v. Turner, 28 Texas, 759.) But both delivery and acceptance may be established by circumstances. Actual manual delivery need not be shown (Hubbard v. Cox, 76 Texas, 239; Bunnell v. Bunnell, 64 S. W. Rep., 424), and any words or acts showing an intention to re-

ceive the title will be sufficient to prove an acceptance. (Gould v. Day, 94 U. S., 405.) It is not necessary that the delivery should be made by the grantor to the grantee in person. A delivery to a third person for the use and benefit of the grantee is effective if accepted by the grantee. (Elliott v. Morris, 98 S. W. Rep., 221.) Whether in a given case the deed was delivered or not is to be determined by looking to the intent of the grantor as evidenced by his acts or words, or both. Did he intend to divest himself of the title? If so, the deed should be held to have been delivered. In the case of Bunnell v. Bunnell, cited above, the Supreme Court of Kentucky says: "No particular form of procedure is required to effect a delivery. It is not essential that the paper be actually transferred. If the grantor, when executing it, intends it as a delivery, and this is known to and understood by the grantee, and they treat the estate as having actually passed thereby, it will have that effect, though the instrument be left in the possession of the bargainer."

In Elliott v. Morris, 98 S. W. Rep., 221, the delivery of the deed was held to have been sufficiently shown, although the creditor to whom it was made had not been notified of its execution, where the grantor, on receiving a letter from his creditor offering a certain price for the land and telling him to go to his attorneys and fix it up, accepted the offer, and went to the attorneys and executed a deed which they placed among the creditor's papers.

In Lord v. New York Life Ins. Co., 95 Texas, 216, an insurance policy had been issued to Lord, payable to his executors, administrators or assigns. His sister Kate claimed the policy had been given to her. Repeated declarations of Lord's that the policy belonged to her was the only evidence produced in her behalf. The policy had never been manually delivered to her, so far as the testimony showed, but had been kept among Lord's papers. The Court of Civil Appeals having affirmed a judgment of the trial court in favor of the sister, the question as to the sufficiency of the evidence to support the judgment was certified to the Supreme Court, and it was there held to be sufficient to require its submission to a jury. In passing on the question certified, the Supreme Court said: "It can not be true that it belonged to his sister Kate, or, in the language used—that it was hers, or Kate's, as stated by one witness—unless Lord had given it to her, and had actually delivered it, because the right of property could not have been passed without such act of delivery."

Keeping in view the principles of law announced, and the illustrative cases cited, we think it is clear that the court should have submitted to the jury the question as to whether the deed made by Mrs. Walker had been delivered or not. According to this testimony recited, before executing the deed she had repeatedly declared her intention to give the land in controversy to appellant; in 1894 had proposed to make the deed if he would stay with her long enough to enable her to do so; had assured him, in response to his suggestion that if she wished to do so she could make it in his absence, and deliver it when made to his sister for him, that she would do so; in 1897 actually made it, as she had declared she would; and according to the testimony of Mrs. Nix and Mrs. Holcomb, after having made it, declared that she

had given the land to her daughter Effie and appellant, and that her daughter Effie then had the deed upstairs in a trunk, and could have it recorded if she wished to. The credibility of the witnesses who furnished the testimony recounted, and the weight to be given their testimony, were for the jury alone to determine. If the issue had been submitted to them, and they had found in favor of appellant's contention that the deed had been delivered, could it be said that their verdict was without evidence to support it? Would it not then be pertinent to inquire in support of such a finding by the jury: If the daughter had the deed, and the right to have it recorded, as the jury might have believed, how did she acquire such possession and right? If it was in any other way than by a delivery of the deed to her by Mrs. Walker, with the intent and for the purpose of passing the title to the land, it would have to be answered from the record before us that it does not · show it. In the absence of an explanation showing such possession and right in the daughter to be consistent with Mrs. Walker's continued ownership of the title to the land, could it then be said that such possession and right in the daughter, in connection with other evidence in the record which the jury might have believed, was not sufficient to support their finding? Without undertaking to answer these questions, it is sufficient to say that the testimony presented a question about which ordinary minds might, with reason, have differed; and for this reason the issue made by it should have been submitted to the jury, unless on the issue of an estoppel the peremptory instruction properly was given.

As intimated above, while what we have said may be true, yet the action of the court in instructing a verdict can not be complained of, if the evidence on the issue of an estoppel was so conclusively in favor of the contention of appellee as to forbid the conclusion that ordinary minds might have differed as to its effect in establishing the estoppel claimed. It therefore becomes necessary, in connection with the testimony in the record, to look to the principles of law controlling when an estoppel is relied upon to cut off rights being asserted by a litigant.

The truth should, and, when known, always will, control in determining the rights of the parties, in the absence of conduct on the part of one of them operating to mislead the other and innocent party to his injury. If permitting the truth to control would enable one who has misrepresented it to perpetrate a fraud upon another and innocent person, then the truth should not be permitted to control in determining their rights. And within rules established for its proper administration, this is the doctrine of the law. Where a false representation made by one person is relied upon as an estoppel against him in favor of another person, the rules governing in an inquiry to determine the existence or nonexistence of the estoppel, in Nichols-Steuart v. Crosby, 87 Texas, 453, are stated to be as follows: The false representation must be (1) of a material fact; (2) it must have been made with a knowledge of the truth of the matter; (3) the party to whom it was made must have been ignorant of the truth of the matter; (4) it must have been made with intent that it should have been acted upon; and (5) it must have been acted upon. A qualification of the rule that the false representation must have been made with the intent that it should be

acted upon by the party invoking the estoppel is insisted upon in West-brook v. Guderian, 3 Texas Civ. App., 406, where the court says: "We do not believe that it is absolutely essential to the existence of any equitable estoppel that the representation or concealment should have been intended to influence the conduct of the party asserting the es-toppel. If, under the circumstances of the particular case, the repre-sentation or concealment be reasonably calculated to induce the other party, while acting in good faith, and exercising ordinary care and dili-gence, to act thereon—if the other elements of estoppel exist—the party who misrepresents or conceals the truth will be estopped, whether there exists an intent to influence the conduct of the other party or not." We think the qualification a proper one.

The application of the rules of law stated must determine the ques-tion now being considered. That the statement, claimed to have been made to Wood by appellant, that he did not claim any interest in the land by virtue of the deed made to him by his mother in 1897, was of a material fact, can not be doubted. But appellant testified that he did not make the statement in the unqualified way in which Wood testified that he made it. He (appellant) testified that he stated to Wood that he was not a party to the Nix suit, and was not claiming anything in that suit. He further testified that he understood the deed to him was not to become effective until his mother's death, and that he was not claiming anything under it as due to him at the time he made the statement to Wood, relied upon to estop him. Whether credence should be given to his testimony or not was for the jury to determine. If they had believed that he did not, as he contended he did not, represent to Wood that he claimed no right to the land under his mother's deed; but, instead, should have believed that his representations to Wood were that he claimed nothing in the Nix suit then pending, nor any interest in the land under his mother's deed during her life, they might have reached the conclusion, under proper instructions from the court, that he was not estopped from maintaining his suit against ap-pellee. If properly they might have reached such a conclusion, we think it can not be said that the evidence did not present an issue about which ordinary minds could not differ. That a judge or an Appellate Court, on the same evidence, might reach a conclusion contrary to the one contended for, does not furnish a reason for withdrawing from the jury a consideration of such issue. Without stopping to inquire whether or not all the other elements of an estoppel were so conclu-sively shown by the evidence as to relieve the court from the duty of submitting the issue to the jury, we hold that the element first dis-cussed was not so conclusively established, and that, therefore, the court erred in peremptorily instructing a verdict.

As the judgment must be reversed and the cause be remanded for a new trial, it is proper we should indicate our views as to matters com-plained of in other assignments of error.

Over appellant's objection, the court permitted the witness Wood to testify that A. P. Dohoney and Col. Hodges had stated to him that on the trial of the Nix suit appellant had testified that he did not claim anything under his mother's deed to him. This was not an effort to es-tablish as against appellant an estoppel by evidence of a false state-

ment made by him to the party claiming the estoppel; but it was an effort to establish it by evidence that Dohoney and Hodges had stated to the party claiming it that they had heard appellant make the statement claimed to operate as an estoppel. The testimony was hearsay, and should have been excluded. And so should the testimony of the witness A. P. Dohoney, insofar as it detailed testimony given by Col. Hodges, on a former trial of this case, as to matters testified to by appellant and his mother on the trial of the Nix case. This testimony clearly was hearsay, and inadmissible.

Over appellant's objection appellee was permitted, on a cross-examination of the notary Skidmore, to prove, as is claimed by appellant, that, after Mrs. Walker had executed the deed destroyed by her, she declared to him that she wished the title to the land at her death to vest in appellant and his sister. The ground of the objection urged was that "it was the details of a conversation that occurred after the deed was written, and tended to modify the intention clearly expressed in the deed and the plain purport of a written instrument." It does not appear from the record whether the statement complained of was made by Mrs. Walker after or before she had executed the deed. Moreover, it appears that, on his direct examination by appellant, the witness Skidmore had testified that Mrs. Walker made an exactly similar statement to him on the occasion when she executed the deed. The court properly overruled appellant's objection to this testimony.

By his fourth assignment of error appellant complains of the action of the court in excluding as evidence the judgment of the court in the Nix case when the same was offered by him. The judgment was an agreed one; it vested the title to the land there in controversy and claimed by Mrs. Nix, under the deed appellant here relies upon, in Mrs. Nix, and decreed a recovery against her by Mrs. Walker in the sum of $560, to secure the payment of which it declared and foreclosed in Mrs. Walker's favor a vendor's lien on the land adjudged to Mrs. Nix. Wood, in whose favor an estoppel as against appellant was claimed, had testified that he knew the result of the Nix suit. The judgment was offered to show this result, and so fix on Wood notice that the validity of the deed under which appellant claims had been sustained. We do not think the judgment was competent evidence to fix such notice on Wood, and are of the opinion that the court did not err in refusing to admit it in evidence. On its face, the most the judgment would have been evidence of in such a connection was that the parties to that suit had gotten together and adjusted their differences in a way satisfactory to them. It was not evidence that the deed had been determined to be either valid or invalid as a result of the suit.

For the errors indicated the cause is reversed and remanded.

*Reversed and remanded.*