## NORTH RIVER INS. CO. OF NEW YORK v. DANIEL.

### No. 1829.

Court of Civil Appeals of Texas. Waco.

Jan. 14, 1937.

Rehearing Denied Feb. 11, 1937.

Taylor & Howell, of Corsicana, for appellant.

Richard & A. P. Mays, of Corsicana, for appellee.

ALEXANDER, Justice.

This suit was brought by C. R. Daniel against the insurance company to recover on a fire insurance policy. Judgment was for plaintiff, and the defendant appealed.

The appellant's principal defense was that appellee Daniel had employed one Herbert Lee Smith to burn the building. Appellant offered in evidence the written ex parte confession of the said Herbert Lee Smith, in which he admitted forming a conspiracy with Daniel to burn the building for $25 and that later he set fire to and burned the building. Appellant also offered to prove that certain footprints found near the building were the tracks of said Herbert Lee Smith. The ruling of the court in excluding this evidence is assigned as error.

It is a well-established rule that the acts and ex parte declarations of one alleged conspirator occurring out of the presence of other alleged conspirators are inadmissible against said other alleged conspirators where there is no other evidence from which a conspiracy can be inferred. 9 Tex.Jur. 400; Reliance Insurance Co. v. Smith (Tex.Com.App.) 66 S. W.(2d) 675; Garcia v. Volpe (Tex.Civ. App.) 17 S.W.(2d) 1087; American Rio Grande Land & Irrigation Co. v. Bellman (Tex.Civ.App.) 272 S.W. 550. The only evidence introduced by appellant to establish a conspiracy between Daniel and Smith to burn the building was the testimony of one Frey, who had also been charged with the burning of the building, who testified that he overheard a conversation between Daniel and Smith that occurred on the farm near the building on the day before the building was destroyed by fire. The witness testified that he was about forty feet from said parties when he heard them talking. He testified: "All I heard was Mr. Daniels said something about a fire and $25.00 and a house afire. Well, Mr. Daniels said something about $25.00 and a fire. That is all that I understood. He says the fire—that house caught fire—something like that. That is all he said." This evidence does nothing more than raise a suspicion and is wholly insufficient to establish the conspiracy. Waco Drug Co. v. Hensley (Tex.Com.App.) 34 S.W.(2d) 832. Since the evidence was insufficient to raise a prima facie case of conspiracy, the trial court did not err in excluding the evidence above referred to.

The judgment of the trial court is affirmed.