## DAVIES v. PEGUES.

### No. 3797.

Court of Civil Appeals of Texas. El Paso.

Feb. 2, 1939.

Rice & Rice, of San Antonio, for appellant.

Brooks, Napier, Brown & Matthews and Clinton G. Brown, Jr., all of San Antonio, for appellee.

NEALON, Chief Justice.

This is a suit brought by appellee as administrator of the estate of A. Victor Locke, deceased, against appellant as independent executrix of the estate of C. A. Davies, deceased, in which the plaintiff recovered judgment upon a note for $3,600 with foreclosure of a deed of trust upon real estate. The note was made by C. A. Davies and payable to A. Victor Locke. The defense was predicated upon the theory that Davies never delivered the note and deed of trust to Locke. It was not denied that he signed

both and acknowledged the deed of trust in due form before a notary public.

During the latter years of Locke's life he was the client of Davies, who was a practicing attorney. The relationship of attorney and client had existed for more than twenty-five years and terminated only with the death of Locke. S. Benton Davies, the son of C. A. Davies, deceased, testified that Locke was a client "and more than a client" of C. A. Davies. It appears from the evidence that Locke, some years before the instruments declared on were signed, had turned over to Davies approximately $4,400 for investment, and that part of this was invested in a business institution operated and owned entirely or almost entirely by Davies; that Davies wrote Locke that he was going to take over the certificates evidencing the investment of Locke and repay the money to Locke. Correspondence introduced in evidence indicated that Davies continued as a debtor of Locke and continued to pay interest to him up to the time of the latter's death. Both men were in ill health at the time the note and deed of trust were signed, which was July 18, 1933. There is no direct evidence that there was any manual delivery of the note and deed of trust to Locke. However, Davies was custodian of a number of Locke's papers, including some evidences of indebtedness, and kept them in an iron safe in his office. This safe was used by the firm composed of C. A. Davies and his son, S. Benton Davies, who was named as trustee in the deed of trust. Upon two occasions the secretary of C. A. Davies had asked him if he was ready to record the deed of trust. Upon each occasion Mr. Davies had answered that he was not yet ready.

In answer to two special issues the jury found that the note and deed of trust declared upon were placed in the safe by C. A. Davies with the intention upon his part then and there to deliver them to Locke, and that Locke accepted the note and deed of trust.

Defendant appeals from the judgment mentioned.

### Opinion

Defendant did not contest the allegation that C. A. Davies signed the note and deed of trust. Her sole contention was that neither instrument had been delivered to Locke and accepted by him. They were delivered by S. Benton Davies, a son of C. A. Davies, to plaintiff subsequent to the death of C. A. Davies at a time when plain-

tiff and his attorney requested that all papers and other effects of A. Victor Locke then in the possession of Mr. Davies be delivered to plaintiff.

 Ordinarily when the payee of a note has possession of it, it is not necessary for him to allege or prove delivery (Kanaman v. Gahagan, Tex.Civ.App., 185 S.W. 619), but we think it is not necessary to rely upon this principle in this case. We do not consider the evidence insufficient to justify the jury's finding. The general trend of the testimony indicates that Mr. Locke reposed the utmost confidence in C. A. Davies and depended upon his judgment and integrity in the matter of making investments and accounting for proceeds. It is clear from the correspondence that C. A. Davies was indebted to Locke. He made his own son, who was also his law partner, trustee in the deed of trust. He placed the deed of trust in a safe that was used by his son and himself and though the evidence of the latter is that it was not placed among the papers of Mr. Locke, it was certainly placed in a position where it would not escape attention. It is of significance, too, that the secretary of C. A. Davies appeared to think that the transaction was complete. This may be inferred from her reminders to the maker of the two papers that the deed of trust had not been recorded. Nor is there anything to negative the idea that C. A. Davies so regarded the transaction, for upon neither of these occasions did he say that he did not intend to record the deed of trust. He merely deferred the time when he should file it for record. It was shown that he communicated with Mr. Locke at various times both by telephone and in person. The testimony is, too, that C. A. Davies with respect to matters of this character looked after all details. Actual, manual delivery need not be shown. Hubbard v. Cox, 76 Tex. 239, 13 S.W. 170; More v. More, Tex.Civ.App., .7 S.W.2d 1096, writ refused; Walker v. Erwin, 47 Tex.Civ.App. 637, 106 S.W. 164; Bunnell v. Bunnell, 111 Ky. 566, 64 S.W. 420, 424, 65 S.W. 607. In Walker v. Erwin, supra, it appeared that after signing and acknowledging an instrument of conveyance the grantor wrapped it in a cloth, placed it in a trunk, and kept it in her home; and that later, because of a difference between herself and the grantee, she carried it to the home of one of her neighbors and burned it. She never made manual delivery of the deed to either of the grantees named in it, but she had stated that she desired them to have the land and she told the notary before whom she acknowledged the deed that she wished it so written. She asked the best way to handle the transaction and he advised that she lock the deed up in her trunk and let it remain there until her death when the parties interested would find it. She told him that she would do so. The court held the question of delivery was for the jury. That possession remains with the grantor does not conclusively determine that no delivery was intended. Royston v. McCulley, Tenn.Ch.App., 59 S.W. 725, 52 L. R.A. 899; Meyer v. Viereck, Tex.Civ.App., 286 S.W. 894, 895.

By various assignments of error appellant challenges the action of the trial judge in admitting in evidence the note, the deed of trust, and various letters indicating the relationship that existed between Mr. Locke and Mr. C. A. Davies while both lived. We see no reversible error in the action of the court in this respect, and we find none in the record.

The judgment of the District Court is affirmed.