**ROYAL GLOBE INSURANCE COMPANY, Appellant,**

v.

**BAR CONSULTANTS, INC., Appellee.**

**No. 12716.**

Court of Civil Appeals of Texas, Austin.

May 24, 1978.

Rehearing Denied June 14, 1978.

David M. Moore, Wilson & Grosenheider, Austin, for appellant.

Malcolm Robinson, Hooper, Robinson & Moeller, Austin, for appellee.

PHILLIPS, Chief Justice.

On motion for rehearing, we withdraw our original opinion in this cause filed on March 29, 1978, and substitute the following:

Appellee, Bar Consultants, Inc., as plaintiff below, brought this suit to recover on an insurance policy issued by appellant, Royal Globe Insurance Company. In addition to alleging that the insurance policy in question covered the damages suffered, appellee alleged, in the alternative, a violation of the Deceptive Trade Practices Act [1] and Article 21.21(4) of the Insurance Code. Appellant denied liability.

Trial was to the court which found that appellant had engaged in deceptive trade practices. After judgment, appellant duly perfected its appeal to this Court.

We affirm the judgment of the trial court.

The record discloses that appellee ran and operated a bar named "The Bucket." In connection with the operation of the bar, appellee purchased an insurance policy from appellant covering the contents thereof. Prior to purchasing the policy, John Barber, III, appellee's president, and Tulley Embrey, the insurance agent who sold appellee the policy, discussed appellee's insurance needs. The problem of vandalism was stressed. The policy extended coverage to the contents of the bar in the event of vandalism and malicious mischief. Limitations were placed in the policy, however, on this type of coverage. After the loss in question, Barber talked to Embrey who allegedly told him that the loss was covered. After an investigation, appellant denied coverage for the loss. As a result, appellee brought this action against appellant.

In its second amended petition, appellee alleged that on two previous occasions under identical policies issued by appellant, it was paid vandalism claims, that appellant never asserted that such policies did not cover the property in question but represented otherwise, and that, therefore, it continued to renew its policy with appellant.

Appellee further alleged that on or about March 5, 1976, when the renewal policy it had purchased was in force, certain individuals caused damage to its property;[2] however, an adjuster who investigated the claim represented to appellee that the acts causing the damage were not vandalism and were therefore not covered by the policy.

Thereafter, alleges appellee, after suit was instituted, appellant took the position that the policy did not cover appellee's property within the definition of the vandalism and malicious mischief clauses.

At trial, appellee asserted that the policy covered the damage in question or, in the alternative, that if the policy did not cover such damage, then the representations of appellant regarding coverage and the policy terms were false, deceptive and misleading in violation of Article 21.21(4)(1) of the In-

1. Tex.Bus. & Comm.Code Ann. Ch. 17 (Supp. 1978).

2. Bathroom flooring and fixtures were damaged.

surance Code and Section 17.46 of the Deceptive Trade Practices Act.

As stated above, trial was to the court which resulted in judgment for appellee. The court found that appellant, by its agent's misrepresentation of coverage, when in fact there was no coverage, had violated Section 17.46(b)(12) of the Deceptive Trade Practices Act and that under Article 21.21 of the Insurance Code and Section 17.50 of the Act, appellee was entitled to treble damages, court costs, and attorney's fees.

■ Appellant is before this Court on ten points of error. The first two points are directed toward the alleged error of the court in granting judgment for appellee because appellee was not entitled to bring a cause of action under either Article 21.21 of the Code or Section 17.50 of the Act.

Article 21.21, Section 16(a) of the Texas Insurance Code provides:

"Sec. 16. Relief Available to Injured Parties.—(a) Any person who has been injured by another's engaging . . . *in any practice defined by Section 17.46 of the Business and Commerce Code,* as amended, *as an unlawful deceptive trade practice* may maintain an action against the company or companies engaging in such acts or practices." (Emphasis added)

Section 2 of the same article provides in part:

"Sec. 2. Definitions—When used in this Act:

"(a) 'Person' shall mean any individual, corporation, association, partnership . . and any other legal entity engaged in the business of insurance . . ."

The Texas Supreme Court in a recent *per curiam* opinion disapproved a court of civil appeals' restrictive reading of the definition of "person" as used in Section 16 of Article 21.21 of the Insurance Code. See *Ceshker v. Bankers Comm'l Life Ins. Co.*, 558 S.W.2d 102 (Tex.Civ.App.1977, writ ref'd n. r. e., 21 Tex.Sup.Ct.J. 307, —— S.W.2d —— (April 8, 1978)). The Court stated, "We disapprove the holding which construed the Code

to limit the term 'person' to one who is engaged in the business of insurance." In accordance with this decision, we hold that appellee was entitled to invoke the remedial provisions of Article 21.21 and bring suit thereon, and, as a result, we do not reach the question whether appellee was also entitled to bring a cause of action pursuant to Section 17.50(a) of the Deceptive Trade Practices Act.

Appellant's other points address the issue of whether or not there was any misrepresentation made by appellant and, if so, whether appellee was damaged thereby.

Appellee relies on the following instances of alleged misrepresentations to support its cause of action: (1) immediately prior to the issuance of the initial policy when the problem of vandalism was discussed; (2) when appellant paid allegedly identical claims in 1974 and 1975; (3) immediately after the loss in question that occurred March 26, 1976, as hereinafter discussed.

■ We address only the third instance of alleged misrepresentation relied upon by appellee because, in our opinion, it supports the judgment of the trial court.

The accusation of misrepresentation immediately after the loss involves the contention that appellant's secretary and agent told appellee's president, after the damage had occurred, that the policy covered appellee's damages. Barber testified that following the property damage he talked to Tulley Embrey's secretary. She stated, "You're covered under the policy." Barber further testified that he later talked to Embrey who advised him, "Yes, go ahead and have it done."

Acting upon these representations, appellee proceeded to have its premises repaired and paid for the work. Subsequently, appellant denied liability under the policy.

Appellant objected to Barber's testimony on the ground that it was inadmissible hearsay. The trial court determined that Embrey was an agent for the sale of insurance for appellant. The court reasoned that under Article 21.02 of the Insurance Code, Embrey was the agent of appellant

and that, as such, Barber was entitled to testify regarding any representations made to him by Embrey. The court explicitly noted, however, that the policy would "speak for itself" as to the extent of coverage. Appellant now argues that the court erred in allowing Barber's testimony into evidence.

The point is overruled. We have reviewed the statement of facts and are of the opinion that the trial court did not err in allowing Barber to testify as he did for the reason that the testimony was admitted, not to show coverage, but to prove the making of a representation. As such, the testimony of the representation was admissible as an operative fact of independent legal significance. See *Sweeney v. Taylor Bros.*, 41 Tex.Civ.App. 365, 92 S.W. 442 (1906, no writ); *O'Connor v. National Motor Club of Texas, Inc.*, 385 S.W.2d 558 (Tex. Civ.App.1964, no writ); *Hanover Insurance Co. v. Hoch*, 469 S.W.2d 717 (Tex.Civ.App. 1971, writ ref'd n. r. e.); 1 McCormick & Ray, *Texas Law of Evidence*, § 795 (1956) and authorities cited.

We further hold that appellant violated Section 17.46(12) of the Deceptive Trade Practices Act by its misrepresentation of coverage to appellee. The representation of appellant's secretary and agent that the damage was covered under the terms of the policy, when in fact it was not, was an untrue statement made under circumstances that misled appellee regarding coverage, and appellee was injured thereby, having relied upon such statements. We hold that the representations made here which have the capacity or tendency to deceive are types of conduct that the Legislature sought to prohibit by the Act and the relief afforded under Sec. 16(a) of Article 21.21 to persons aggrieved thereby.

Accordingly, the judgment of the trial court is affirmed.