UTICA NATIONAL INSURANCE
COMPANY OF TEXAS,
Appellant,

v.

Lewis E. McDONALD and Wife, Patricia
A. McDonald, Appellees.

No. 2–90–186–CV.

Court of Appeals of Texas,
Fort Worth.

Aug. 6, 1991.

Rehearing Overruled Sept. 17, 1991.

Thompson, Coe, Cousins & Irons, Jack Thomas Jamison, Dallas, for appellant.

Haynes & Boone, David Keltner, Craig M. Price, David B. Lobingier, Fort Worth, for appellees.

Before WEAVER, C.J., and FARRIS and MEYERS, JJ.

## OPINION

FARRIS, Justice.

The McDonalds sued Utica after it denied their fire loss claim because it contended the McDonalds had been parties to a conspiracy to burn their home. A jury found against Utica on the arson issue, and the trial court entered judgment on the verdict. On appeal Utica complains the trial court erred in sustaining a hearsay objection excluding the testimony of a witness, James Raymond DuBois, Jr., that Lewis McDonald's brother, Ronnie McDonald, had told DuBois how he and Lewis had conspired to burn the McDonald home to collect the policy proceeds. We overrule Utica's complaint and affirm the judgment because DuBois's testimony implicating Ronnie was irrelevant and that implicating Lewis was inadmissible hearsay.

Utica made an offer of proof of the excluded testimony by questioning DuBois outside the jury's presence. DuBois testified that before the fire, Ronnie asked to borrow his police scanner, telling DuBois he intended to burn his brother's home and describing Lewis's involvement. According to DuBois, Ronnie told him Lewis would fill cabinets with paper, coat a room with flammable material, take his family to Missouri so the house would be unoccupied, and pay Ronnie $10,000 from the fire insurance pro-

ceeds. Ronnie later told DuBois how he went about burning the house. DuBois first testified he assumed Ronnie wanted the scanner to monitor police and fire calls, but after the trial judge admonished him of his potential criminal liability he recanted in part asserting he had no idea what use Ronnie had for the scanner.

Ronnie was also called as a witness, but out of the jury's hearing he repeatedly invoked the fifth amendment and refused to testify.

Utica argues the hearsay ruling was error because (1) what Ronnie told Dubois about his own involvement was a statement against interest, see TEX.R.CIV.EVID. 803(24), (2) what Ronnie told DuBois about Lewis's involvement was admissible as legally operative facts rather than a statement offered to prove the matter asserted, see TEX.R.CIV.EVID. 801(d), and (3) DuBois's testimony was admissible against Lewis as admissions by a party opponent either as his own statement, see TEX. R.CIV.EVID. 801(e)(2)(A), or the statement by a co-conspirator, see TEX.R.CIV.EVID. 801(e)(2)(E).

1. We agree with Utica that DuBois's testimony of Ronnie's statements of his own involvement in burning the McDonald residence was a statement against interest. See TEX.R.CIV.EVID. 803(24). However, evidence that Ronnie admitted burning his brother's home was irrelevant because there was no admissible evidence proving Lewis or Patricia McDonald engaged in a conspiracy. See Kulubis v. Texas Farm Bureau Underwriters, 706 S.W.2d 953, 955 (Tex.1986). Consequently, it was not reversible error to exclude Ronnie's statement against interest. See Gee v. Liberty Mut. Fire Ins. Co., 765 S.W.2d 394, 396 (Tex.1989).

2. The testimony implicating Lewis was not offered as proof of an operative fact, as Utica contends, but was offered to prove Lewis admitted complicity in arson. It was not based upon things Ronnie observed, but upon statements Lewis made to Ronnie: a request for help, a discussion of preparing the house to be burned, arrang-

ing for the McDonald family to be out of town when the fire was to occur, and a promise to share the insurance recovery. To put it another way, Utica offered Du-Bois's testimony because it was necessary to convince the jury of the truth of Lewis's statements to Ronnie implicating Lewis rather than to convince the jury that Ronnie had acted in reliance upon Lewis's statements. *Compare Sweeney v. Taylor Bros.,* 41 Tex.Civ.App. 365, 92 S.W. 442 (1906) (A statement that a woman said she was unmarried was inadmissible to prove she was unmarried but admissible to prove she misrepresented her marital status).

■ 3. The statements of Lewis's involvement in an arson plot do not fit within the admission against interest exclusion applicable to a party's own statement because DuBois's testimony was of a conversation with a third party which took place out of the hearing of the opposing party. The exclusion will not stretch to make admissible evidence that another has stated to a witness that an admission was made by a party to the suit. *See Burkhalter v. State,* 85 Tex.Crim. 282, 212 S.W. 163, 164 (App. 1919); *Walker v. Erwin,* 47 Tex.Civ.App. 637, 106 S.W. 164, 168 (1907, no writ); *Ferguson v. Coleman,* 208 S.W. 571, 573 (Tex.Civ.App.—Texarkana 1919, no writ).

■ 4. The statements implicating Lewis were not admissions by virtue of their being made by a co-conspirator during the course and in the furtherance of the conspiracy because there was no evidence other than the statements themselves that established a prima facie case of conspiracy. *See Matter of Bates,* 555 S.W.2d 420, 433 (Tex.1977); *Belz v. Belz,* 667 S.W.2d 240, 245 (Tex.App.—Dallas 1984, writ ref'd n.r.e.); *North River Ins. Co. v. Daniel,* 101 S.W.2d 401, 402 (Tex.Civ.App.—Waco 1937, no writ); *Daggett v. Farmers' Nat. Bank,* 259 S.W. 198, 202 (Tex.Civ.App.—Fort Worth 1923), *aff'd,* 2 S.W.2d 834 (Tex. Comm'n App.1928). Utica argues the second sentence of TEX.R.CIV.EVID. 104(a), providing that a trial court, in determining preliminary questions of admissibility, is not bound by the rules of evidence in conducting a hearing on the question of admis-

sibility, eliminates the requirement of independent proof of conspiracy. However, the rule does not change the common-law requirement that hearsay evidence of conspiracy be admitted only when accompanied by tangible, material evidence of the conspiracy. *See Daggett,* 259 S.W. at 202. The requirement addresses the inherent unreliability of conspirator testimony, which is not only hearsay but hearsay from a particularly incredible witness. In this case the witness was the brother of the opposing party, and admittedly the record on appeal, including matters not in evidence, may lead us to conclude there probably was a conspiracy of McDonalds; however, we cannot say the trial court abused its discretion in excluding the co-conspirator testimony. If the witness had not been brother Ronnie but instead some unknown third party, the unreliability of the evidence would have been more obvious. We hold the rule set out in *Bates* and the other cited cases is still the law and that the trial court did not err.

The judgment of the trial court is affirmed.

MEYERS, J., dissents.

MEYERS, Justice, dissenting.

I respectfully dissent.

The majority arrives at their decision oblivious to the three avenues of authority offered by the appellant for DuBois's testimony to be not only relevant but admissible. The appellant was trying to implicate the appellees in a plan to burn their residence, which would have been a defense to the appellees' suit on their homeowner's policy. The testimony of DuBois presented both circumstantial and direct evidence of either their complicity in the fire or a rather substantial involvement in its inception.

Though I believe the court's ruling that DuBois' testimony was hearsay was in itself incorrect, the disallowance of his testimony as a hearsay exception under TEX. R.CIV.EVID. 803(24) seemed to totally ignore the basis of the exception to the rule. It is difficult to conceive a more pointed example of a statement against interest as

that uttered by Ronnie McDonald. I feel that the majority simply runs around this problem. Additionally, I would have held that Ronnie McDonald's statements to DuBois that he and his brother, Lewis McDonald, had an agreement which resulted in the burning of Lewis's house and Ronnie receiving $10,000 of the insurance proceeds was evidence of a legally operative fact which is not hearsay. Again the majority somehow ignores the trial court's ruling by concluding that the testimony of DuBois was not based upon something which Ronnie observed. *See Yellow Freight Sys. v. North Am. Cabinet Corp.*, 670 S.W.2d 387, 390 (Tex.App.—Texarkana 1984, no writ). He does not have to observe it—he was a partner to the agreement.

Finally, I believe that rule 801(e)(2)(E) of the Texas Rules of Civil Evidence has negated the common-law requirement that there be evidence of a conspiracy independent of the out-of-court statements of the purported co-conspirator of a party. In *Bourjaily v. United States*, 483 U.S. 171, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1987) the U.S. Supreme Court has held that rule 104(a) of the federal rules, an identical provision to rule 104(a), Texas Rules of Civil Evidence, abolished the requirement of independent evidence of a conspiracy. Thus, the testimony of DuBois would have established the prima facie case of conspiracy between the McDonalds in order to meet the requirement of the rule.

The excluded testimony was crucial to the appellant's defense and could very well have caused a different result. I believe it was error for the court to have not allowed the jury to hear this evidence.