## S. P. CLARK ET AL. v. THOMAS E. WINN.

### Decided June 25, 1898.

**False Imprisonment—Mistake—Liability of Sheriff.**

Where a sheriff receiving a warrant from another county places it in the hands of a constable with directions to arrest a certain person, which is done, and the sheriff confines the party in jail, he and his sureties are liable in damages for the arrest and imprisonment if the person arrested, though of the same name, is not the person designated in the warrant, and reasonable care and inquiry would have disclosed that fact.

APPEAL from Tarrant. Tried below before Hon. W. D. HARRIS.

*Hendricks & Hendricks,* for appellants.

*Greene & Stewart,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—This suit was brought by appellee against S. P. Clark, as sheriff of Tarrant County, and the sureties on his official bond, to recover damages for the unlawful arrest and imprisonment of appellee.

The defendant sureties excepted to the petition upon the ground that they were not liable for the unlawful arrest made by the constable in this case, as the sheriff did not make the arrest, but only gave the process to the constable who made it, and the sheriff only received into the jail the prisoner as the prisoner of the constable, as under the law he was

bound to do. The sheriff also pleaded that he did not make the arrest, but only received the prisoner from the constable as his prisoner, and held him in jail, as he was bound to do under the statute, and that he did not know whether he was the man indicted and named in the capias or not, and that it was not his duty to inquire.

Exceptions were sustained to these special answers, and upon the trial of the case on its merits, judgment went against the sheriff and his sureties for $250 actual damages, and hence this appeal.

The record shows that S. P. Clark was the sheriff of Tarrant County at the time and the other defendants were sureties on his official bond; that a warrant of arrest was sent to him by the sheriff of Van Zandt County, Texas, issued by the district clerk of that county, dated April 24, 1897, commanding the arrest of Ed. Winn for hog stealing, and that, through his deputy, he placed the same in the hands of W. E. Boaz, constable of Precinct No. 6, Tarrant County, on April 26, 1897, with directions, in effect, to arrest appellee thereunder, and by virtue of said warrent Boaz arrested appellee on the 27th day of April, 1897, at his home near Benbrook, in Tarrant County, about ten miles from Fort Worth, and brought him to the sheriff's office that night. The constable delivered him to the sheriff, and said, "Here's your man; but I think we have arrested the wrong man." Winn all the time asserted that he was not the man named in the writ. The chief deputy consulted his letters from the sheriff of Van Zandt County which accompanied the writ and gave a description of the man wanted, and decided to hold him, and thereupon sent him to jail. He protested his innocence to the sheriff, and that he was not the man named in the writ, and asked to be guarded, as he did not want to go to jail. He remained in jail about forty-eight hours, and was released after suing out a writ of habeas corpus. The evidence here proves that he was not the man named in the writ, though he was known as and called Ed. Winn, and the description sent to Sheriff Clark of the person accused described him very well. It was an innocent mistake, it seems, on the part of the sheriff, but one which might have been avoided by inquiry into the young man's antecedents, as he was a farmer's son, of industrious habits, with a good reputation for honesty, and who had lived in that neighborhood for about seventeen years (being then about 22 years old), and was well known in the county, while Van Zandt County, where the theft was alleged to have been committed, was nearly 100 miles east of his home. There were no facts surrounding the case which tended to make it probable that he was the person named in the writ, but every circumstance except the similarity of name and description indicated that he was not.

The assignments of error are all overruled. The arrest and detention were made at the instance of the sheriff in the first place, and the act confirmed in his office that night when, upon investigation, the appellee was sent to jail. This was an official act of the sheriff, although he had no right to arrest the wrong man, and the sureties are liable for the damages resulting from the act. Hayes v. Cleary, 60 Texas, 445; Wolf v. Perry-

man, 82 Texas, 112; Webb's Pollock on Torts, p. 264, and notes; Connor v. Knowles, 17 Kan., 444; 7 Am. and Eng. Enc. of Law, p. 685, note 2, p. 672, note 2.

The instruction asked by appellant was properly refused, and finding no error in the judgment, it is in all things affirmed.

*Affirmed.*

Writ of error refused.