CASE 93.—ACTION BY JOHN M. JOHNSON AGAINST JAMES. A. SCOTT AS SHERIFF AND OTHERS.—Oct. 12, 1909.

## Johnson v. Scott, Sheriff

Appeal from Pike Circuit Court.

R. C. BURNS, Special Judge.

Judgment for defendants, plaintiff appeals.—Affirmed.

1. Execution—Writs—Amendment.—Where a capias issued by the clerk of the circuit court or his deputy has been received by the sheriff or his deputy, neither the clerk nor his deputy may, without an order of court, correct any mistake as to the amount thereof, nor direct its return to the clerk's office.

2. Execution—Writs—Amendment.—In the absence of proof, it is presumed that the clerk of the circuit court issued an execution under the direction of the person who had control of it; and when once issued, and delivered to the officer to whom it is directed, the clerk loses control of it, and any mistake in its issue or terms may be corrected by consent of plaintiff in execution, or by order of the court in which the judgment was rendered.

3. Sheriffs and Constables—Execution of Writs.—A sheriff or other officer, to whom a writ of execution is directed and delivered, must execute it according to its terms; and, where the process is issued on a judgment which is not void, the officer executing it is protected by it.

4. False Imprisonment—Liability.—An action for false imprisonment does not lie for arrest or imprisonment in due course or regular proceedings of a court having jurisdiction of the offense; and, where the order or process is valid, the person wrongfully detained must seek his remedy in another form of action.

5. Arrest—Execution of Process—Discretion.—The officer, in executing a precept commanding him to arrest an individual, may select such time of day as he thinks most expedient, and may make use of so much force as is necessary to accomplish the object.

6. Execution—Execution Against the Person—Custody of Debtor.—The officer, to whom a writ for the arrest of a judgment debtor is directed, must, after arresting the debtor, retain him in custody until the judgment has been satisfied or the debtor has been discharged by due process of law.

7. Sheriffs and Constables—Execution of Process—Liability.—An action for trespass lies where a person has been arrested on a process irregularly issued and void; but a process merely voidable is, until set aside, a justification for an arrest made thereunder.

8. Costs—Criminal Prosecution—Collection—Execution Against Person—Process—Sufficiency.—A capias pro fine for costs of a successful criminal prosecution, which erroneously includes therein the costs of accused, instead of only the costs of the commonwealth, justifies the arrest and detention of accused until the error is corrected by the court rendering the judgment or the capias is satisfied by its payment.

ROSCOE VANOVER for appellant.

P. B. STRATTON for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is an appeal from a judgment of the Pike circuit court, entered upon a verdict in favor of appellees, returned by the jury in obedience to a peremptory instruction given by the court following the introduction of appellant's evidence. The action was brought by appellant against appellees to recover of them $1,000 damages for his alleged false arrest and imprisonment by them.

The facts, as presented by the pleadings and proof, were, in substance, that appellant was indicted, tried, and fined $200 in the Pike circuit court for an assault and battery committed by him upon a citizen of Pike county. Appellant paid the fine of $200, but did not

pay the cost of prosecution recovered by the commonwealth, amounting to $121.50, nor his own, amounting to $44. Following appellant's payment of the fine, the clerk of the Pike circuit court, by his deputy, Kline, issued against appellant a capias pro fine for the costs, but erroneously included therein, with the cost of $121.50 due the commonwealth, that of appellant for $44, making the full amount of the capias $165.50, instead of $121.50, the amount for which it should have been issued. The capias was properly directed to the appellee, Jas. A. Scott, sheriff of Pike county, and delivered by the clerk, or his deputy, Kline, to the appellee, Wm. Newsom, one of his deputies. After receiving the capias, Newsom executed it by arresting appellant and taking him in custody. The arrest was made at the court of a justice of the peace to which the deputy sheriff had gone with the capias in his possession. On the same day, and shortly after the arrest of appellant, his father, W. B. Johnson, appeared at the justice's court with the following letter from the deputy clerk, Kline, to the deputy sheriff: "Mr. Newsom: We made a mistake in capias, Commonwealth v. Johnnie Johnson, W. B.'s son, of $44. So return same by order A. D. Kline, D. C. Yours respectfully, J. B. Polly, Clerk, by A. D. Kline, D. C."

Upon or soon after the delivery of Kline's letter to the deputy sheriff, W. B. Johnson offered to pay that officer what he supposed was the commonwealth's cost embraced in the capias; but the amount tendered was not accepted by the deputy sheriff, nor did he, as required by Kline, return to the circuit clerk's office the capias, but instead retained custody of the appellant, kept him with him that night, and on the following morning delivered him, with the capias and

the return upon it, to the appellee, J. A. Scott, sheriff of the county, who kept him under arrest two or three days longer, but did not incarcerate him in jail, or restrain him of his liberty, otherwise than by requiring him not to leave the county seat without his (the sheriff's) permission. Finally appellant or his father adjusted with the proper officer the amount of cost due the Commonwealth and defendant was thereupon released from arrest by the sheriff and at once returned to his home.

The above facts appearing wholly from appellant's evidence and being undisputed, the trial court came to the conclusion that they did not entitle him to recover; hence the jury were given a peremptory instruction to find for appellees. We concur in this conclusion. After the capias issued by the clerk of the Pike circuit court, or his deputy was received by the sheriff, or his deputy neither the clerk nor deputy clerk had authority to correct the mistake as to the amount thereof without an order of the court, or to direct its return to the clerk's office. The clerk of a court has no authority to issue executions, except upon a judgment which remains unsatisfied. In the absence of proof it will be presumed that the clerk issued an execution under the direction of a person who had control of it; but, when once issued and delivered to the officer to whom it is directed, the clerk no longer has control of it. Any mistake or error in its issual or terms may be corrected by consent of the plaintiff in the execution, or by order of the court in which the judgment was rendered.

On the other hand, the sheriff, or other officer, to whom the writ is directed and delivered, is charged with the duty of executing it, and must do so according to its terms. If the writ be, as in this case, a

capias for a fine or costs, it is no less the duty of
the officer receiving it to execute it. If the process is
valid—that is, issued upon a judgment which is not
void—the officer executing it will be protected by it.
In other words, the general rule is that "an action
for false imprisonment does not lie for an arrest or
imprisonment in due course or regular proceedings
of a court having jurisdiction of the offense. If the
order or process be valid, the person wrongfully de-
tained must seek his remedy in some other form of
action. It is a proper commandment of judicial au-
.thority which justifies. The form in which the sanc-
tioning power of the law is manifested is not material.
A legally correct and sufficient order of a superior
having adequate authority, or a judgment or process
properly sued out and issued by proper authority, so
long as it remains in legal force and effect, is a full
justification.   *   *   *   Valid judicial authority ex-
isting at the time of the detention is a full justification
for proper conduct thereunder to the officer to whom
it is addressed, in the absence of actionable wrong in
its procurement on his part, even if he acts malicious-
ly.   *   *   *"   19 Cyc. pp. 339, 340. The above rule
has been recognized by this court. Clay and Curley
v. Caperton, 1 T. B. Mon. 10, 15 Am. Dec. 77.

It is also a well-known rule that, in executing a
·precept, where he is commanded to arrest the body
of an individual, the officer has the right to select
such particular time of day as he thinks most expe-
dient under the circumstances, and is authorized to
make use of so much force as is necessary to accom-
plish the object. It is likewise the duty of the officer
to whom the writ is addressed, after arresting the
judgment debtor, to incarcerate him and retain him
in custody until the judgment has been satisfied or

he has been discharged by due process of law. While an action for trespass will lie in cases where a person has been arrested on a process irregularly issued, and therefore void, if, however, the process is merely voidable, it is, until set aside, a justification for an arrest made thereunder. 17 Cyc. pp. 1512, 1513, 1571. It is patent, therefore, that appellant's arrest and detention were justified by the capias held by the deputy sheriff notwithstanding the mistake as to the amount thereof, and the fact that the sheriff and his deputy allowed him, though under restraint, to go at large, instead of incarcerating him in jail. Under the circumstances it was their duty to detain him until the error in the capias was corrected by the court rendering the judgment under which it was issued, or the capias was satisfied by its payment.

If the deputy sheriff had, in obedience to the written direction of the deputy clerk, returned the capias to the clerk's office and released appellant from arrest, or had accepted his satisfaction of the capias the amount offered by appellant's father, and it had later developed there was no mistake in the amount of the capias, neither the sheriff nor his deputy could have excused, on those grounds, or either of them, the failure to collect the full amount of the capias. Under the facts presented, appellant had no right of action against the sheriff or his deputy. He was not, however, without a remedy, as he had the right to move in the proper court for a correction of the mistake made in the amount of the capias, or enjoin its execution.

For the reason indicated, the judgment is affirmed.

NUNN, C. J., dissents.