## S. K. McCALL CO. v. PAGE et ux.

(Court of Civil Appeals of Texas. San Antonio. March 19, 1913. Rehearing Denied April 16, 1913.)

1. APPEAL AND ERROR (§ 548*) — STATEMENT OF FACTS—NECESSITY.

In the absence of a statement of facts, assignments of error depending on the facts must be overruled.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. § 548.*]

2. EXECUTION (§ 171*)—SALE—INJUNCTION.

That persons have sold property and conveyed it by warranty deed authorizes them to apply for injunction to prevent its unlawful sale on execution as their property.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 497–518; Dec. Dig. § 171.*]

3. ATTACHMENT (§ 217*) — FORECLOSURE — STATUTES.

Rev. Civ. St. 1911, art. 268, providing that foreclosure of the lien of an attachment issued by a county court shall be unnecessary, but that a recital in the judgment for plaintiff of the issuance and levy of the attachment shall be sufficient to preserve its lien, does not deprive such court of its power to foreclose such lien, but at most substitutes for the foreclosure a mode of proceeding equivalent thereto.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 735–752; Dec. Dig. § 217.*]

4. EXECUTION (§ 172*)—SALE—INJUNCTION—PETITION.

The petition for injunction permitted by Rev. Civ. St. 1911, art. 4643, "where a cloud would be put on the title of real estate being sold under execution against a person * * * having no interest in such real estate subject to the execution at the time of sale, or irreparable injury to real estate is threatened," should show absence of such interest in such person, or that such injury would be done by the execution sale.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 519–539; Dec. Dig. § 172.*]

5. EXECUTION (§ 171*)—SALE—INJUNCTION—GROUNDS.

A county court, having no jurisdiction to try the issues of homestead or whether the property sought to be sold on execution against one is the separate estate of his wife, cannot issue injunction against the sale on the ground of the property being a homestead or the separate estate of the wife.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 497–518; Dec. Dig. § 171.*]

Appeal from Brooks County Court; J. A. Brooks, Judge.

Action by J. A. T. Page and wife against the S. K. McCall Company. Judgment for plaintiffs. Defendant appeals. Reversed and dismissed.

T. Wesley Hook, of Falfurrias, for appellant. Dougherty & Dougherty, of Beeville, and J. D. Wheeler, of Aransas, for appellees.

FLY, C. J. Appellees applied for a writ of injunction to the county court to restrain the sale of lots 3, 4, and 5, in block 18, in the town of Falfurrias, under an order of sale issued out of the county court of Brooks county. It was represented that a certain judgment was obtained against J. A. T. Page in the said county court and there was also the foreclosure of an attachment lien on said property. The injunction was sought on the ground that an attachment lien on real property could not be foreclosed in a county court and that the property was the homestead of appellees and not subject to execution. A temporary writ of injunction was granted and the cause set down for a hearing at a regular term of the county court, at which the cause was tried by the court and the injunction made perpetual.

[1] There is no statement of facts, and of course all assignments of error depending upon the facts must be overruled. These are the first, second, and third assignments of error.

[2] The fourth assignment of error assails the action of the court in overruling a special exception to that part of the petition which alleged that appellees had sold the property to one W. A. Bradley. It is alleged that the property was conveyed by warranty deed to Bradley, and this would authorize them to apply for an injunction to prevent the unlawful sale of the land. Huggins v. White, 7 Tex. Civ. App. 563, 27 S. W. 1066, in which writ of error was refused by the Supreme Court.

[3] The law contemplates the attachment of real estate upon writs issued out of the county or justice court, and provides that no foreclosure of the attachment lien shall be necessary, but the judgment shall briefly recite the issuance and levy of such attachment, and that such recital shall be sufficient to preserve the lien. R. S. 1911, art. 268. It is also provided in the same article that the land attached may be sold under execution after judgment, and that the sale thereof shall vest all of the estate subject to such execution that the defendant had in the land at time of the attachment in the purchaser at execution sale. Prior to the enactment of that law, the Supreme Court had held that county and justice's courts had the power to enforce attachment liens on land (Hillebrand v. McMahan, 59 Tex. 450), but the Court of Appeals held differently. Shortly after that conflict of opinion, the law in question was enacted by the Legislature, which, while denying the necessity for a foreclosure, gives the attachment lien all the force and effect it would have if a foreclosure had been decreed.

Such being the law, the petition did not allege a valid ground for an injunction. The allegations were that an attachment had been levied on the land, that an order of sale had issued, and that the land had been advertised for sale. The allegations failed to show any illegality in the proceedings, for the statute does not in terms prohibit the foreclosure of an attachment lien, but merely declares it unnecessary as a means of enforcing the lien. If, as held by the Supreme

Court, county courts had the authority to foreclose attachment liens before the enactment of the statute, the latter does not deprive them of that power, and if it did it substituted therefor a mode of proceeding equivalent thereto.

[4] Under the law of 1909 (Acts 31st Leg. [1st Ex. Sess.] c. 34) an injunction is permitted "where a cloud would be put on the title of real estate being sold under an execution against a person, partnership or corporation, having no interest in such real estate subject to the execution at the time of the sale, or irreparable injury to real estate or personal property is threatened, irrespective of any legal remedy at law." R. S. 1911, art. 4643. Under that law it would be necessary by the allegations to show that the party seeking the injunction had no interest in the real estate being sold under execution, or that irreparable injury would be done to the property. No such allegations are found in the petition.

[5] It has been held that county courts have no authority to issue writs of injunction where they would not have jurisdiction to try a case involving the amount sought to be restrained (De Witt County v. Wischkemper, 95 Tex. 435, 67 S. W. 882), and it is clear that, as the county court has no power or authority to try title to real estate, it could not grant an injunction to restrain the sale of a homestead, no matter if it was the separate estate of the wife or not. In order to try the issue as to the perpetuation of the injunction, it was necessary to try the question of homestead and the separate character of the estate. County courts have no authority to try such matters. And yet the county court undertook to settle the homestead issue, as is indicated by the bills of exception.

The judgment is reversed and the cause dismissed.