## Madden v. Meehan, et al.

(Decided May 8, 1913.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

1. False Arrest—Officer When Not Liable For.—An officer is not liable for making a false arrest when he does so under a warrant issued by lawful authority.
2. Malicious Prosecution—Requisites of Petition in Action for.—It is essential to the sufficiency of a petition in an action for malicious prosecution that it should aver that the prosecution was malicious and without probable cause.

T. A. McDONALD for appellant.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellant, Madden, as plaintiff, brought this suit against the appellee, Meehan, a policeman in the city of Louisville, to recover damages for an alleged false arrest. A demurrer was sustained to the petition as amended, and the plaintiff declining to plead further, the suit was dismissed, and he appeals.

The second amended petition, as we learn from the brief of counsel for appellant, states the cause of action relied on. It is averred in this pleading, in substance, that Meehan, in September, 1908, while acting in the capacity of a policeman, arrested Madden on the charge of carrying concealed a deadly weapon, for which alleged offense Madden was tried in the police court and discharged.

It is further averred that after this Meehan prevailed on the grand jury of Jefferson County to return an indictment against Madden for carrying concealed a deadly weapon, and that the offense charged in this indictment was the same offense for which Madden had been pre-

viously arrested and discharged in the police court; that a bench warrant was issued on this indictment against Madden and he was arrested thereunder, and that Meehan prevented him from executing a bond for his appearance to answer the charge, and caused him to be placed in jail, where he remained for several hours before he could execute a bond for his appearance. It is further averred that when the case came on for trial in the circuit court it was continued two or three times and finally dismissed.

The lower court treated the pleading as a suit for malicious prosecution and sustained the demurrer, upon the ground that there was no averment of want of probable cause; but counsel for appellant insists that the suit was not brought to recover damages for a malicious prosecution, but to recover damages for the false arrest and imprisonment of Madden under the bench warrant issued on the indictment.

It is quite difficult to ascertain from the pleading whether it was intended to charge malicious prosecution or false arrest and imprisonment. If it was intended to set out a cause of action for malicious prosecution, the petition was fatally defective in failing to aver want of probable cause. Roberts v. Thomas, 135 Ky., 63. If it was intended to set out a cause of action for false arrest under the bench warrant, the petition was equally bad, as an action for false arrest will not lie against an officer who makes an arrest under a warrant issued by lawful authority, as the bench warrant in this case was. Johnson v. Scott, 134 Ky., 736.

The fact that the prosecution under the indictment was dismissed does not affect the question. The grand jury returned an indictment against Madden for the offense charged, and although he may not have been guilty of the offense, a bench warrant issued under the indictment from the court in which the indictment was found, protected an officer who might execute or attempt to execute it.

The judgment is affirmed.