[Civ. No. 2323. First Appellate District.—March 28, 1918.]

SAMUEL KALISH, Appellant, v. D. A. WHITE et al., Respondents.

PEACE OFFICERS—EXECUTION OF WARRANT.—When a warrant, valid in form and issued by a court of competent jurisdiction, is placed in the hands of an officer for execution, it is his duty without delay to carry out its commands, and for the proper execution of such process the officer incurs no liability, however disastrous may be the effect of its execution upon the person against whom it is issued.

ID.—LIABILITY OF ARRESTING OFFICER.—The authority derived from the warrant justifies the officer in arresting no one but the person named therein against whom it is issued; and any interference with the liberty of the person other than the one named in the writ renders the officer liable in trespass, unless such interference is caused by the act of the person himself.

FALSE IMPRISONMENT—ACTION FOR DAMAGES—WARRANT OF ARREST AS DEFENSE.—In an action against an officer for damages for false imprisonment, the warrant of arrest was a complete defense where it appeared that the process, which was regular in form and legally issued, described the plaintiff by his name, which was the usual way, and that he was in fact the person for whom it was intended.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

Devoto, Richardson & Devoto, for Appellant.

C. M. Fickert, District Attorney, and Aylett R. Cotton, Deputy District Attorney, for Respondents.

KERRIGAN, J.—This is an action for damages for false imprisonment, brought by the plaintiff against D. A. White, chief of the police department of San Francisco, and William Minehan, a detective sergeant in the department.

Upon plaintiff resting his case a motion for a nonsuit as to defendant White was granted, and at the conclusion of the testimony of both sides the court of its own motion instructed the jury to return a verdict for defendant Minehan, which the jury did. This is an appeal by plaintiff from the judgment entered on the instructed verdict.

The circumstances of the plaintiff's arrest and imprisonment were as follows: One Samuel Kalish, a person other than plaintiff, had embezzled the sum of eight hundred dollars belonging to one Mrs. Lydia McCarthy, and shortly thereafter disappeared, whereupon Mrs. McCarthy reported the matter to the police department of San Francisco, with the result that a warrant was issued for the arrest of the offender. About ten months prior to the embezzlement Minehan had known the plaintiff in San Francisco, and the execution of the process was placed in his hands. He made a diligent search for the plaintiff, and learned that he had recently vacated his room, leaving some of his clothes behind, and that prior to leaving it had been his custom to get his mail at the postoffice. The search in San Francisco proving fruitless, and it having been learned from the complaining witness that the accused had brothers in New York and Chicago, Minehan advised her to write decoy letters addressed to Samuel Kalish at both those cities. This she did, and received a reply from the plaintiff signed "Sam Kalish." Thereupon the case was presented to the grand jury and an indictment was returned against the plaintiff charging him with embezzlement; extradition proceedings were inaugurated, and Minehan proceeded to New York, where he found the plaintiff in the custody of the police department awaiting process for his removal to California. Plaintiff protested his innocence, but Minehan proceeded to execute his process. It is also to be noted that the record

discloses that while plaintiff did not precisely answer the description furnished by the complaining witness of the man who had embezzled her money as to age or as to a noticeable scar on one of his hands, still by inference it appears that he measured up to the furnished description as far as build, weight, complexion, and nativity were concerned. Upon arriving in San Francisco Minehan immediately made his return on the warrant, and plaintiff was incarcerated. Still protesting his innocence, he was confronted by the complaining witness who, after two visits to the prison, refused to identify him as the thief. Notwithstanding this the plaintiff was kept in confinement for a period of ten days, when he was arraigned on the indictment, at which time, the complaining witness not appearing, the court received evidence as to the identity of the plaintiff and ordered his release from custody.

When a warrant, valid in form and issued by a court of competent jurisdiction, is placed in the hands of an officer for execution, it is his duty without delay to carry out its commands; and the law is well settled that for the proper execution of such process the officer incurs no liability, however disastrous may be the effect of its execution upon the person against whom it is issued. (Newell on Malicious Prosecution, sec. 70; 11 R. C. L. 795.) The authority, however, derived from the warrant justifies the officer in arresting no one but the person named therein against whom it is issued; and any interference, therefore, with the liberty of a person other than the one named in the writ renders the officer liable in trespass, unless such interference is caused by the act of the person himself. (Newell on Malicious Prosecution, sec. 74.) Accordingly, it has been held that an officer will not be justified in arresting a person other than the one named in the warrant even if he is the one intended. (11 R. C. L., sec. 12, p. 799; Newell on Malicious Prosecution, sec. 73.) Likewise, that a warrant is no defense to an officer who arrests and refuses to release the wrong person, although bearing the same name, where an investigation would have disclosed the fact of his innocence. (11 R. C. L. 220; *Clark* v. *Winn*, 19 Tex. Civ. App. 223, [46 S. W. 915].)

Here, however, it appears that the process, which was regular in form and legally issued, described the plaintiff by his name, which is the usual way (11 R. C. L., sec. 12, p. 799),

and that he was in fact the person for whom it was intended. Under such circumstances, even if Minehan had
been in doubt as to whether or not the plaintiff was the person who committed the crime, he was not bound to decide
that question; and he was certainly acting within his duty
when he took the plaintiff into custody, and thus permitted
the question of identity to be ultimately decided. Under the
undisputed facts of the case the warrant is a complete defense to this action against the office. (*Cox* v. *Durham,* 128
Fed. 870, [63 C. C. A. 338] ; *Madden* v. *Meehan,* 153 Ky. 648,
[156 S. W. 116].)

In view of the innocence of plaintiff, his confinement and
restraint for ten days are unfortunate, but for this the defendants are not responsible. Minehan discharged his duty
as an agent of the state when he delivered him to the city
prison in San Francisco. He then, it appears, in his capacity as a police officer, took plaintiff into custody under a
bench warrant issued by the superior court, and delivered
him to his superior officer, who was in charge of the city
prison, and from then on neither of these defendants was responsible for the plaintiff's detention nor for any delay in
the proceedings against him.

From the evidence it appears that the *prima facie* case
made out by the plaintiff was overcome by the evidence justifying Officer Minehan's acts respecting the arrest and
imprisonment of plaintiff, and that such evidence in justification was not at all, or at least substantially, rebutted. The
action of the trial court in instructing the jury to return a
verdict in favor of Minehan, therefore, cannot be disturbed.
The authorities so hold. "A directed verdict is proper whenever, upon the whole evidence, the judge would be compelled
to set a contrary verdict aside as unsupported by the evidence." (*Estate of Baldwin,* 162 Cal. 471, [123 Pac. 267].)
To the same effect see *Davis* v. *California St. R. R. Co.,* 105
Cal. 131, [38 Pac. 647].)

In *Lacey* v. *Porter,* 103 Cal. 597, [37 Pac. 635], the court
says: "It is further insisted that the court erred in taking
from the jury the question of the credibility of witnesses,
malice, motives, intention, and belief of respondent, and what
facts the evidence established. The general rule undoubtedly
is that these questions should be submitted to the jury where
the evidence is conflicting; but it is equally well settled that

the court may, within certain limits, control the verdict, either by such an instruction as was here given, or by setting it aside and granting a new trial, either upon motion of the defeated party or upon its own motion. To justify the court in directing a verdict it is not necessary that there should be no conflict in the evidence; but where the evidence is such that it is clearly insufficient to support a verdict in favor of the party against whom the direction is given, the instruction is proper, unless the circumstances of the case indicate that upon another trial a different verdict may be had. But in either case the decision of the court below will be sustained, unless the appellate court can clearly see that its conclusion is wrong upon the facts.''

Assuming that White is a party to this appeal, although not named in the verdict or judgment, as to him it is sufficient to say that while he has grounds of defense other than those herein discussed, it follows, under the circumstances of the case, that what we have said concerning his codefendant disposes of the case as to him.

The judgment is affirmed.

Lennon, P. J., and Beasly, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 27, 1918, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 27, 1918.