**QUARLES et al. v. EATON–BLEWETT CO.
(No. 361–3286.)**

(Commission of Appeals of Texas, Section B.
April 4, 1923.)

**1. Fraudulent conveyances 210—Registration of deed charges every one with notice of contents in absence of fraud.**

The proper registration of a deed charges every one with notice of its execution and contents, and, in the absence of some fraudulent device practiced upon a subsequent creditor and participated in by the grantee of the deed, the effect of which is to cause the creditor not to examine the record, the creditor stands in the same position as if he had actual knowledge of the deed.

**2. Fraudulent conveyances 210—Failure of debtor to inform creditor of recorded conveyance is not fraud defeating constructive notice.**

The mere failure of a debtor to inform his creditor of a conveyance of the debtor's property which had been previously placed of record is not such fraudulent device as to defeat the effect of the registration of the deed as notice to the creditor, even though the latter was ignorant of the conveyance, and the debtor had reason to believe the creditor would not extend the credit if he knew the conveyance had been made.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Suit by L. A. Quarles and others against the Eaton–Blewett Company. Judgment for defendant was affirmed by the Court of Civil Appeals (210 S. W. 596), and plaintiffs bring error. Reversed, and judgment rendered for plaintiffs.

R. L. Thompson and J. A. Johnson, both of Stephenville, for plaintiffs in error.

Chandler & Pannill, of Stephenville, and W. P. Gibbs, of Gordon, for defendant in error.

McCLENDON, P. J. This case is controlled by the holding in the companion cases of Quarles v. Hardin, 249 S. W. 459, and Quarles v. Conway, 249 S. W. 463.

Eaton–Blewett Company obtained a judgment against John Quarles for $892.47 and foreclosure of an attachment lien upon real estate theretofore levied upon as the property of John Quarles. Order of sale was issued upon this judgment and placed in the hands of the sheriff of Erath county for execution. This suit was brought by Mrs. L. A. Quarles, joined by John Quarles, her husband, to enjoin the sale on the ground that the property attached belonged to Mrs. Quarles. Temporary injunction was granted, but upon trial on the merits it was dissolved, and plaintiff was denied the relief she sought. There was no personal judgment against Mrs. Quarles as in the Hardin Case.

The Court of Civil Appeals affirmed the trial court's judgment. 210 S. W. 596.

The property in question was conveyed by John Quarles to Mrs. L. A. Quarles for life, with remainder to their children, by deed executed on January 25, 1915, and recorded the same day in Erath county, where the land was situated. The deed is the same instrument sought to be held void as to subsequent creditors of John Quarles in the Hardin and Conway cases. The judgment against John Quarles was recovered in a suit upon an account for groceries, farm implements, clothes, and other items of like character sold by Eaton–Blewett Company to John Quarles at various dates after the deed was recorded; except that the account embraced a balance of $1 which accrued before the deed was recorded. The circumstances under which the indebtedness merged in the judgment was created were the same as in the Hardin and Conway Cases.

[1, 2] The proper registration of a deed charges every one with notice of its execution and contents; and in the absence of some fraudulent device practiced upon a subsequent creditor, and participated in by the grantee in the deed, the effect of which is to cause the creditor not to examine the records, he is charged as a matter of law with notice of the deed and its contents and is in the same position as if he had actual knowledge of it. The effect of the holding in the two companion cases is that in order to defeat the effect of registration as notice to subsequent creditors there must be some affirmative misleading representation to them by the debtor, or some affirmative act of deception on his part which would be tantamount to an affirmative misrepresentation. The mere failure of the debtor to inform the creditor of the conveyance is in effect held not to constitute such fraudulent device as to defeat the effect of the registration as notice to the creditor, even though the latter was ignorant of the conveyance, and the debtor had reason to believe that the creditor would not extend the credit if he knew the conveyance had been made. Under this holding the deed in question must be held valid as to the Eaton–Blewett Company.

We therefore conclude that the judgments of the trial court and Court of Civil Appeals should be reversed, and that judgment should be rendered perpetually enjoining the Eaton–Blewett Company and the sheriff of Erath county from executing the order of sale and from selling the land therein described. Costs of all courts should be assessed against defendant in error.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

---

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes