**DAGGETT v. FARMERS' NAT. BANK et al.**
**(No. 6953.)**

(Court of Civil Appeals of Texas. San Antonio. May 9, 1923. Rehearing Denied June 6, 1923.)

1. **Husband and wife ⬅239—Wife not discharged in suit on note because no personal judgment against her.**

In suit on note executed by a married woman and her husband, service being made upon them as nonresidents, with attachment of land in the state, a peremptory instructed verdict in her favor as to personal judgment did not discharge her, since no other judgment could have been rendered against her; for, there being no pleading showing that the note was given for the benefit of her separate estate, or that the attached property was her separate estate, and not subject to the attachment, all that the court could do was to foreclose the attachment lien and shut out any interest therein she may have had, but not decree and fix upon her any personal judgment.

2. **Courts ⬅163—County court may foreclose attachment.**

The county court has the right to foreclose a lien, such as an attachment lien, on land, when the question arises in a case within the jurisdiction of that court, especially where no issue of homestead or particular title is raised.

Error from Erath County Court; Wm. Arch Jones, Judge.

Action by the Farmers' National Bank against Mary H. Daggett and others. Judgment for plaintiff, and the named defendant brings error. Affirmed.

W. G. Eustis, of Henrietta, for plaintiff in error.

Thompson & Pittman, of Stephenville, for defendants in error.

COBBS, J. This is a petition for writ of error by Mary H. Daggett, plaintiff in error, against Farmers' National Bank of Stephenville, and against the Daggett interest in the partnership composed of George H. Daggett, Mary H. Daggett, and Elliott Daggett, to review a judgment recovered on a promissory note for $650 dated August 4, 1920, alleged to have been executed by all the parties except Elliott Daggett, due on or before February 1, 1921, with 10 per cent. interest per annum from date, with 10 per cent. additional attorney's fees, amounting at date of filing suit to $790.

It was alleged defendants were all residents of the state of Minnesota, and plaintiffs prayed for writs of garnishment to issue against two banks in Henrietta, Tex., and for attachments to Clay county, Tex., to be levied on real estate in that county. Service was made upon them as provided in cases of nonresidents of the state. Mary H. Daggett alone appeared and answered in the case,

and she alone brings this case up by petition for writ of error. She pleaded her disability of coverture, being a married woman, and the wife of George H. Daggett, at the execution of the obligation. She denied under oath the partnership; also pleaded non est factum as to the note. George H. Daggett filed no pleading, but testified by deposition in the case.

The case was tried with a jury, and, after hearing the evidence, the court peremptorily instructed a verdict in favor of Mary H. Daggett as to personal judgment. The court further instructed the jury to return a verdict in favor of Farmers' National Bank against George H. Daggett for.$790.50, with 10 per cent. interest from July 1, 1921, for costs and foreclosure of the attachment lien on the property in Clay county against George H. Daggett and Mary H. Daggett. The verdict was in favor of Elliott Daggett, who was not served.

George H. Daggett died on October 31, 1921, and on April 13, 1922, petition for writ of error was filed and served on Farmers' National Bank. Service was also made on Elliott Daggett and Dorothy Daggett, the heir of George H. Daggett, by publication, the service being completed on May 6, 1922. The attachment was duly issued and executed by levying the writ on the Clay county land as the property of the defendants. There was no personal judgment awarded and entered against any defendant. The amount of the debt was established, and attachment lien foreclosed upon the attached land.

There is nothing in appellant's first assignment, because, as judgment was rendered in favor of Mary H. Daggett on the note sued on, she was virtually discharged. No other judgment could have been rendered against her under the pleadings, she being at the execution and delivery of the note and on the day of the trial a married woman. Beshears et al. v. Talbot (Tex. Civ. App.) 241 S. W. 635.

There was no pleading showing that the note was given for the benefit of her separate estate, or that the attached property was her separate estate, and not subject to the attachment. All the court could do was to foreclose the attachment lien and shut out any interest therein, if any, she may have had, but not decree and fix upon her any personal judgment. She made no defense as to the levy of the attachment nor any defense as to the title or ownership of the land. As George H. Daggett was a nonresident of the state, no personal judgment was entered, against him, as no personal service was made upon him and no appearance for him entered. It was necessary as a matter of course to first establish the debt and then foreclose the attachment lien in order to sell the property to pay the debt.

[1] It is strenuously insisted that, a judg-

ment being rendered in favor of Mary H. Daggett on the note and no personal judg- ment rendered against her, the judgment entirely disposed of her, and no other judgment could be entered except that the plaintiff take nothing by the suit and she go hence without costs, petitioner further contending that her retention in the suit had the same effect as though the suit had been brought alone against George H. Daggett, and Mary H. Daggett impleaded, to decide whether the land was her separate estate or community property, and the question of ownership or homestead or some such right must be raised by the pleading, else the judgment foreclosing the attachment is not res adjudicata, and, whether the issue was raised or not, the effect here was equivalent to an action of trespass to try title to real estate, and the judgment in the county court is void. It is further contended that the land in controversy was the separate estate of petitioner, and hence the title was directly involved, so that the county court had no jurisdiction. There was no proof that it was her separate estate. It will be well to bear in mind that the suit was on a joint obligation, signed by her upon an alleged partnership obligation, and an attachment prayed for and levied on land that may or may not have been partnership assets, but was seized and levied upon as the property of defendants.

George H. Daggett himself knew of the pending the suit, and testified by deposition that he signed the name of Mary H. Daggett to the note; that she was not a partner, and had no interest in the business. It was not shown in whom the title to the land was at the date of the issuance of the attachment.

George H. Daggett had personal knowledge of the suit, having testified in the case, must have known of the judgment, and never appealed therefrom, and it does not lie in his mouth to say he had no notice thereof, and is not bound by that judgment.

We do not think there was any error committed by the court in retaining petitioner in the case in the state of the pleadings and the record for the purposes of foreclosure.

We fail to see anything in this case that makes the nearest approach to an action in trespass to try title to land. If the title was not in Mrs. Daggett, she is not affected by it. She did not set up any claims to the land, and made no issue of title whatever, and, if that be the case, the foreclosure was harmless as to her. The attachment levied was tantamount to conceding it was in her and her husband, not trying the title.

Although the issue respecting the attachment lien was before the court the answer of petitioner in error was entirely silent as to that.

[2] The fourth assignment is that the county court had no jurisdiction to pass on the title. We hardly think that expresses the meaning of the counsel. We presume it is meant to say the county court had no jurisdiction to foreclose a lien on land where the issue of title is involved, since they concede the county court has jurisdiction to foreclose attachment liens on land in such cases.

It is no longer a mooted question in this state as to whether or not the county court had the right to foreclose a lien on land when the question arises in a case within the jurisdiction of that court. There had been a difference of opinion held by different Courts of Appeals on that subject for a long time, and the question was certified by the Sixth Court of Civil Appeals to our Supreme' Court in the case of Baker v. Pitluk & Meyer, 109 Tex. 237, 205 S. W. 983, where the question was answered in the affirmative. This court so held in McCall Co. v. Page (Tex. Civ. App.) 155 S. W. 655, the opinion being written by our present Chief Justice. In appellants' amended brief this point is conceded.

Of course, if some such issue of homestead had been raised as referred to in McCall v. Page, supra, or as in Gentry et al. v. Bowser et al., 2 Tex. Civ. App. 388, 21 S. W. 569, where the pleadings make the case peculiarly one of title, to be passed upon by the court, the contention of appellant might have some merit in it. But in this case no such issue is raised or presented as to take the case out of the rule stated in Baker v. Pitluk & Meyer, supra.

It is contended in the sixth assignment that the court committed fundamental error in rendering judgment against George H. Daggett without service. It must be remembered that there was no personal judgment rendered against him. He was served by nonresident notice, and by attachment on his land, a proceeding in rem. He did not answer, nor did he appeal therefrom. The trial court must have passed upon the question of service. The court said in the judgment:

"And the defendant George H. Daggett, although having been duly and legally cited in the way and manner required by law for personal service on nonresident defendants, came not, but wholly made default."

The attack here in effect is a collateral one. There was no plea in the trial court that no valid service was had upon him, but it seeks to attack the judgment for the first time in this court on the ground of fundamental error, and exhibits no transcript of the record that would entitle petitioner in error to review of the question. Though George H. Daggett failed to appear, his wife did, and answered, being served with notice as he was; in her motion to reform the judgment as to her, she made no complaint in respect to it with reference to her husband, George H. Daggett. This cause was brought

to this court with the express declaration of service upon George H. Daggett by her. It alleges:

"VI. That the Farmers' National Bank, who is resident of Erath county, Tex., and a citizen of said county, with W. H. Frey, a citizen of Erath county, Tex., president of said bank, George H. Daggett and Elliott Daggett, both of whom are nonresidents of the state of Texas, and have no attorneys of record, and did not enter an appearance in said suit, the said George H. Daggett having been served by personal service in the state of Minnesota, and the said Elliott Daggett not having been served, are all the parties to said suit. and judgment, besides your petitioner, are all of and the only parties interested adversely to your petitioner in said cause."

There appears in the record a citation or notice for personal service against Geo. H. and Mary H. Daggett with the return of the officer thereon. Mary H. Daggett being the only person appealing from that judgment, said notice, under the provision of article 2110, Vernon's Sayles' Texas Civil Statutes provides:

That "if the pleadings or the judgment show an appearance of the defendant in person or by attorney, the citation and returns shall not be copied into the transcript."

The court having jurisdiction on the face of the pleading to try the case, it was the duty of the court to hear and determine all the questions raised and dispose of the case. We have examined all the assignments and propositions presented, and, finding no reversible error assigned, the judgment is affirmed.