DAGGETT v. FARMERS' NAT. BANK et al.*
(No. 10412.)

(Court of Civil Appeals of Texas. Fort Worth. Dec. 8, 1923. Rehearing Denied Feb. 2, 1924.)

1. Appeal and error ⊚�439655(3) — Motion to strike out statement of facts on ground that caption did not show that movant was a party overruled.

Where the appeal bond showed that plaintiff appealed from a judgment in favor of three defendants, a motion to strike from the record the statement of facts, in so far as one of the appellees is concerned, on the ground that the caption of the statement of facts approved by the trial judge did not show that he was a party to the suit, should be overruled.

2. Evidence ⊚�439317(5) — Statement by plaintiff's husband as to title in issue held hearsay.

In a litigation involving title to realty, evidence that plaintiff's husband represented to defendant bank prior to his death that he owned the realty held hearsay as to plaintiff.

---

⊚�439For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error granted March 26, 1924.

**3. Appeal and error ⬅564(2)—Exceptions, bill of ⬅41(1) — Bill of exceptions and statement of facts filed after time fixed by district judge held filed in time.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2084, requiring the bond in cases in district courts, the terms of which extend only 8 weeks, to be filed 20 days after expiration of the term, and article 2099, providing that the appeal is perfected when the bond is filed, and article 1608, requiring the transcript to be filed within 90 days from performance of the appeal, and article 2073, providing that time for filing of bill of exceptions may be extended, *held* that, where a bond was filed within 20 days of the last day of an 8 weeks' term, a bill of exceptions and the statement of facts filed within 90 days of that time was in time, though the record showed that the filing was after the time fixed by the district judge for an extension had expired.

*On Appellees' Motion for Rehearing.*

**4. Evidence ⬅260—Declaration of alleged coconspirator held admissible on prima facie showing of conspiracy.**

To make a declaration of an alleged coconspirator admissible, when made out of the presence of the party against whom it is offered, proof sufficient to make a prima facie showing of the conspiracy must be made by other testimony.

**5. Trial ⬅59(2)—Order of proof as to declarations of coconspirator within court's discretion.**

It is within the court's discretion to admit proof of declarations of an alleged coconspirator of the party against whom the evidence is offered before proof of conspiracy has been offered, as the order of proof is not very material.

**6. Evidence ⬅260—Evidence held not to render declarations of alleged coconspirator admissible.**

In a litigation involving the issue of title to property, defendant's evidence *held* not to constitute prima facie proof of conspiracy so as to render declarations of another as to ownership of the property admissible against plaintiff.

Appeal from District Court, Clay County; H. R. Wilson, Judge.

Suit by Mary H. Daggett against the Farmers' National Bank and others. Judgment for defendants, and plaintiff appeals. Reversed, and cause remanded for further proceedings.

See, also, 252 S. W. 344.

W. G. Eustis, of Henrietta, for appellant. Thompson & Pittman, of Stephenville, for appellees.

BUCK, J. Mrs. Mary H. Daggett, of Minneapolis, Hennepin county, Minn., on December 14, 1921, filed a suit against the Farmers' National Bank of Stephenville, Erath county, hereinafter called bank, W. H. Frey being alleged as president, and against Will Clay, also of Erath county.

The first count was in the form of trespass to try title. In the second she alleged that the bank had, on or about July 1, 1921, filed suit against plaintiff, George H. Daggett, her husband, and Elliott Daggett, who it seems was her son, and in said suit had levied an attachment on part of the property described in the petition; that said bank secured a judgment against George H. Daggett, but the suit as to Elliott Daggett was dismissed for want of service; that in said suit judgment was rendered in favor of the plaintiff, except as to a foreclosure of the attachment lien. This judgment was rendered on October 22, 1921, and directed that an order of sale issue to the sheriff of Clay county to sell said property, and that said sheriff was proceeding to advertise said property for sale on the first Tuesday in January next; that on September 6, 1921, the defendant Will Clay obtained a judgment in the county court of Erath county against George H. Daggett for $675, foreclosing an attachment lien that was levied by the sheriff on all of the land in controversy in this suit, that the plaintiff was not a party to said suit; that said judgment directed an order of sale to issue. She further alleged that in the suit of the bank against George H. Daggett, in the county court of Erath county, in which said bank recovered a judgment of $790.50, said court did not have jurisdiction to foreclose the writ of attachment on said property against the plaintiff, there being no judgment against the plaintiff for any money, and the issue of the ownership of the property attached and foreclosed on was not raised in the suit. She further alleged that her husband, George H. Daggett, had no interest in any of the property levied on, and that she had good title, in her separate capacity, to all of said property. She prayed for a temporary writ of injunction, restraining the defendants named and the sheriff of Clay county from selling, or offering for sale, said property, pending a determination of this suit.

Will Clay answered by way of a general demurrer and a special exception, calling attention to the fact that plaintiff was a married woman when said suit was filed, and that her husband did not join her therein. He pleaded not guilty, entered a general denial, and specially denied that she owned any of the lands levied on in her separate capacity, but only had a community interest in a part thereof.

The defendant bank pleaded in abatement that the plaintiff was a married woman, and not authorized to sue without a joinder of her husband. It further pleaded a general demurrer, and specially excepted to plaintiff's plea of the three and four years' statutes of limitation; pleaded its judgment ob-

tained against George H. Daggett in the county court of Erath county, and alleged that at the time said judgment was rendered George H. Daggett and Mary H. Daggett were husband and wife; that they had never resided in the state of Texas, but had resided in the state of Minnesota; and that said judgment so obtained was final, and concluded any and all rights and interest to which the plaintiff might have owned in said lots and premises. It specially pleaded that the property levied on was community property of the plaintiff and her husband, and that George H. Daggett had executed and delivered to plaintiff, without consideration, his deed, conveying to plaintiff all his right, title, and interest in the lands; that at the time of such conveyance the bank was threatening to sue said George H. Daggett, and the deed was executed for the purpose of placing said property beyond the reach of Daggett's creditors. It further alleged that at the time the money was loaned by the bank to George H. Daggett the later represented to the bank that he was solvent, and had property worth approximately $100,000, and specially mentioned the property at Henrietta, in Clay county, as being his property. Further pleadings are shown in the record, but we think what we have stated is sufficient for the disposition of this appeal. If further mention of the pleadings be necessary, we will state them. The defendants prayed that the plaintiff take nothing by reason of her suit, and that the temporary writ of injunction theretofore granted by dissolved.

On a trial before a jury, two special issues were submitted, which, with the answers thereto, are as follows:

"(1) At the time of the levy of the writ of attachment in this case on July 8, 1921, by the Farmers' National Bank of Stephenville on the property in controversy, was such property the separate property of Mary H. Daggett? Answer: No.

"(2) If you answer the above issue, 'Yes,' then you need not further answer, but if you answer the same, 'No,' then answer this question: At the time of the levy of the writ of attachment, on July 8, 1921, upon the property in controversy, was such property the community of George H. Daggett and Mary H. Daggett? Answer: Yes."

Thereupon the court entered judgment for the defendants, dissolving the injunction and decreeing that the defendant bank had a valid attachment lien on lots 1, 2, 3, and 4, and on an undivided one-half interest in lots 13 and 14, and the south 10 feet off of lot 15, block 17, original addition to the town of Henrietta, and that said lots, the evidence showing them to be improved business property, were liable for the payment of the bank's judgment against George H. Daggett. The judgment further decreed that defendant Clay had a valid attachment lien on lots 15 and 16, in block 15, in railroad addition to the town of Henrietta, and on lots 1 to 4, inclusive, and 9 to 14, inclusive, block 9, and lots 9 and 10, block 2, Barrett's addition; and all of blocks 29 to 56, inclusive, in Park addition to the town of Henrietta; that said lands and premises were subject to the attachment lien, and liable for the payment of the Clay judgment against George H. Daggett. From this judgment the plaintiff has appealed.

[1] The appellee Will Clay objects to the consideration of the statement of facts filed herein, and moves to strike from the record such statement of facts, in so far as the appellee Clay is concerned. The ground of his complaint is that the caption of the statement of facts does not show that Will Clay was a party to the suit. The heading is: "Mary H. Daggett v. Farmers' National Bank of Stephenville, Tex.," with the number of the case, and "In the district court of Clay county, Texas, April term, 1922." The number of the case shown in the caption is the same as that of the case tried. The statement of facts is approved by the district judge; he stating that, the parties having failed to agree upon a statement of facts, he approved the foregoing as a complete statement of facts proven on the trial of said cause. The appeal bond, called a supersedeas bond in the transcript, shows that the plaintiff appeals from the judgment against her and in favor of the three defendants, including the sheriff. We are of the opinion that appellee Clay's motion should be overruled.

[2] In the ninth assignment shown in appellant's brief objection is urged to the admission of the testimony of W. H. Frey, president of the appellee bank, respecting a conversation had by him with George H. Daggett prior to the making of the loan to him by the bank. He testified in part as follows:

"I know George H. Daggett. I knew him during 1920. I judge I first met him along in January of that year. He told me he was living here at that time, but was down there for a short time. I know he was in Stephenville on April 2d and for a month or so after that, and he had been there two or three months prior to April 2d. During the time he was there he was engaged in hauling oil well supplies to Desdemona. He was connected with his son in that business. I know his son personally. As president of the Farmers' National Bank, I made a loan of $1,000 to Mr. Daggett. Before I let him have the money I questioned him about what property he had, and he told me he had some business property and lots in the town of Henrietta. He told me he had property here worth, $50,000, and that he was worth $100,000; the other property being in stock in some concern in Minneapolis. He told me the business property and lots in Henrietta were worth $50,000. He told me that the day I made him the loan. That was October 2, 1920. I believed what he said, and relied upon his representations in letting him have that money. If he had not made those representations to me, I would not have let him have the money."

The plaintiff objected to that part of the testimony in which Mr. Frey stated that Mr. Daggett had told him that he owned $50,000 worth of property in the town of Henrietta, and that Frey believed then that he owned such property, and would not have made him the loan had he known that Daggett did not own any property.

At the time of the trial Daggett was dead, though it is not clear that he was dead at the time the suit was filed. The objection to this testimony was that the same was irrelevant and immaterial, and because George H. Daggett was dead. We think the testimony as to the statement claimed to have been made by George H. Daggett was undoubtedly hearsay as to the plaintiff, and that the testimony that Frey relied on the statement claimed to have been made by Daggett and would not have loaned him the money if he had known that Daggett did not have any property in Henrietta was irrelevant and immaterial. Our Supreme Court, in Stringfellow v. Montgomery, 57 Tex. 349, said:

"Mere hearsay is not only not the best, but not even secondary evidence; it is no evidence."

Therefore, since the admission of the testimony was objected to, it might be properly held that the testimony as to the alleged statements of George H. Daggett was irrelevant and immaterial. We think the judgment must be reversed for this error.

[3] Appellee claims that the appeal ought to be dismissed, because the time for making and filing the statement of facts and bills of exception, as ordered by the district court of Clay county, had expired prior to the filing of said statement of facts and bills of exception in the lower court. It is shown that the trial court overruled plaintiff's motion for rehearing on June 17, 1922, the last day of the April term of said court, and in said order gave the plaintiff 60 days from the date of the adjournment in which to make out and file a statement of facts and bills of exception. It is further shown in the transcript that the district judge extended the time in which to file a statement of facts and bills of exception to September 14th. The date of this order does not appear in the record. On August 18, 1922, John E. Kilgore, special judge, entered an order extending the time for the filing of these papers to August 16th. Attached to appellee's motion to dismiss is a certified copy of the minutes of the district court of Wichita county, showing that H. R. Wilson, judge of the Thirtieth district court, which included Wichita and Clay counties, announced that it was necessary for him to be absent from the city for a period of time, and, the term not being completed, that J. E. Kilgore was elected by the attorneys present as special judge to complete the term. The oath taken by Judge Kilgore was that he would faithfully and impartially "discharge and perform all the duties incumbent upon me as special judge of the Thirtieth district court of Wichita county." Also attached to appellee's motion to dismiss the appeal is an affidavit from the clerk of the district court of Clay county, to the effect that there was no term of said court from the 17th of June, 1922, until the October term opened on the 23d day of October, and that said court was not in session between said dates, except a special term on the 10th to the 15th of July; that said Judge H. R. Wilson, the regular judge, presided at said special term; that the bar of Clay county elected no special judge during said time, neither had any special judge been agreed upon in any cases in said court, nor had the Governor of Texas appointed any special judge during said period. There is a further affidavit of Judge Wilson to the effect that during the month of August, 1922, he took a vacation of about 12 days, driving overland in a car from his home in Wichita Falls to the state of Colorado; that he left his home on August 8th and did not return to Wichita county until August 20th; that on the 15th and 16th of August he was not in Texas; that no order for an extension of time was sent to him or signed by him nor ordered filed by him during his absence from the state of Texas; that subsequent to his return to Wichita Falls the order for the extension of time for making out and filing a statement of facts and bills of exception was presented to him by the attorney for Mrs. Daggett, and that he signed the same at some time subsequent to August 20th, the exact date of which he does not remember. The statement of facts appears to have been filed in the trial court September 30, 1922, and certain bills of exception appear to have been filed on May 27, and the bill of exception complaining of the admission of the testimony of W. H. Frey, aforementioned, appears to have been filed August 16th, and marked "O. K. Wilson." The district court of Clay county may, according to the act of 1915 (1918 Supp. art. 30, subd. 30), convene on the seventh Monday after the first Monday in March and September, and may continue in session 8 weeks. Article 2073, Vernon's Sayles' Ann. Civ. St. 1914, provides that the time for filing statement of facts and bills of exception may be extended by the trial judge, "but the same shall not be so extended so as to delay the filing of the statement of facts, together with the transcript of record, in the appellate court within the time prescribed by law." Said article further provides:

"If the term of said court may by law continue more than eight weeks, said statement of facts and bills of exception shall be filed within thirty days after final judgment shall be rendered, unless the court shall by order entered of record in said cause extend the time for filing such statements and bills of exception. * * * Provided that any statement

of facts filed before the time for filing the transcript in the appellate court expires, shall be considered as having been filed within time allowed by law for filing same."

Article 2084 provides that:

"An appeal may, in cases where an appeal is allowed, be taken during the term of the court at which the final judgment in the cause is rendered by the appellants giving notice of appeal in open court within two days after final judgment, or two days after judgment overruling a motion for a new trial, which shall be noted on the docket and entered of record, and by his filing with the clerk an appeal bond; where bond is required by law, or affidavit in lieu thereof, as hereinafter provided, within twenty days after the expiration of the term."

Article 2099 provides that an appeal or writ of error is perfected when the bond has been filed.

Article 1608, under the heading of proceedings in the Courts of Civil Appeals, provides:

"In an appeal or writ of error as provided for in this chapter, the appellant or plaintiff in error shall file the transcript with the clerk of the Court of Civil Appeals within ninety days from the performance of the appeal or service of the writ of error; provided, that, for good cause, the court may permit the transcript to be thereafter filed upon such terms as it may prescribe."

Since the district court of Clay county may not extend beyond 8 weeks, the time for the filing of the record in the Court of Civil Appeals dates from the filing of the appeal or supersedeas bond, and not from the date of the overruling of the motion for rehearing. The bond was filed July 6, 1922. Therefore appellant had 90 days from July 6th in which to file his transcript, statement of facts, and bills of exception in the appellate court, and his time to file the same in the trial court was limited only by the provision that the extension of time granted by the trial court for the filing of the statement of facts and bills of exception should not delay the filing of the same, together with the transcript of record, in the appellate court within the time prescribed by law. Therefore we conclude that appellant filed in the trial court the statement of facts and bills of exception within the time required by law, and overrule appellee's motion to dismiss the appeal.

In reversing this case we think it not amiss to call the attention of the parties litigant to certain apparent facts of record. In the chain of title, offered in evidence by plaintiff, appears a deed "from W. H. Featherstone and wife to Mary H. Daggett, dated May 9, 1915, * * * conveying the property in controversy." In another place W. H. Firestone appears to be the immediate grantor to Mrs. Daggett. Apparently one of these names is spelled wrong. Futhermore, it appears that Mary H. Daggett, joined by her husband, deeded to Dorothy Daggett, their daughter,

the property in controversy on November 28, 1916. The subsequent link on page 6 of the statement of facts shows that Dorothy Daggett deeded to Mary H. Daggett on December 21, 1916, "the land in controversy in the Park addition." There appears no deed from Dorothy Daggett to her mother conveying the other land claimed, including the improved property, lots 13 and 14, and 10 feet off of the south side of lot 15, and 26x100 feet off of lots 1, 2, 3, and 4, block 17. Apparently the record title to this property is still in Dorothy Daggett.

There are other features of the record which present some apparent discrepancy, but upon another trial these may be corrected.

For the reasons stated, the judgment of the trial court is hereby reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

### Appellees' Motion for Rehearing.

[4] It is urged that the testimony of W. H. Frey, on account of the admission of which we reversed the judgment and remanded the cause on original hearing, was admissible in proof of the alleged conspiracy to defraud on the part of George H. Daggett and Mary H. Daggett to carry the title to the property in the name of Mrs. Daggett, and thus defeat the payment of debts of George H. Daggett. It is a familiar rule of evidence that in order to make the declaration or statement of an alleged coconspirator admissible, when made out of the presence of the party against whom it is offered, proof sufficient to make prima facie showing of the conspiracy must be made by other testimony.

[5] 1 R. C. L. p. 521, § 62, says:

"Declarations of an alleged conspirator are not admissible against a coconspirator, in the absence of evidence from which may be inferred the latter's assent, jointly with the other conspirators, to the existence and execution of the conspiracy, within the statutory period of limitation, unless the statements were made in the presence of those against whom they are offered. The order of proof is not very material; it being discretionary with the court to admit proof of declarations before proof of conspiracy. The prosecutor may either prove the conspiracy, which renders the acts and declarations of the conspirators admissible in evidence, or he may prove the acts of the different persons and thus prove the conspiracy. But there must be some tangible, material evidence of conspiracy, or a promise of its production, before the court can properly admit evidence of statements made in the absence and without the knowledge of the party against whom they are offered. The evidence need not be direct, positive, and conclusive; but there should be some evidence, and it is for the court in the first instance to say whether or not it exists. As to whether the declarations of a conspirator are competent to prove the existence and extent of the conspiracy as a foundation for the

admission of declarations prejudicial to the interest of coconspirators, the courts are not agreed. In some jurisdictions the declarations are held to be admissible for this purpose; in others they are excluded."

In Sullivan v. Fant, 51 Tex. Civ. App. 6, 38, 110 S. W. 507, 522, writ of error denied, the court said:

"When evidence was developed that was sufficient to show prima facie a conspiracy, a condition of evidence arose which, as a rule of evidence, made the acts and statements of one the acts and statements of the other; provided the jury believed there existed a conspiracy. Of course, as in agency, it would be necessary for the jury to find the fact, before they could properly consider the statement as binding on defendants, and defendants would have been entitled to a charge to that effect, which was not asked."

In Fort Worth Livestock Com. Co. v. Hitson (Tex. Civ. App.) 46 S. W. 915, it is said:

"Nor are the declarations of an alleged coconspirator admissible against the other until the conspiracy is proved to have existed at the time they were made, by other competent evidence."

See, also, Schallert v. Boggs (Tex. Civ. App.) 204 S. W. 1061.

[6] We do not believe prima facie proof of such alleged conspiracy to defraud had already been introduced at the time of the introduction of this testimony, or was subsequently introduced, to make admissible the alleged statements of appellant's deceased husband. According to the statement of facts, in 1920, when this conversation between witness Frey and Daggett is supposed to have occurred, the record title to all of the property in controversy was in Mrs. Daggett and her daughter, Dorothy. As stated in our original opinion, all of the property then in the name of Mrs. Daggett was on November 28, 1916, conveyed by Mrs. Daggett, joined by her husband, to Dorothy Daggett. On December 21, 1916, "the land in controversy in Park addition," not including the business property in controversy, was deeded by Dorothy Daggett to Mrs. Daggett; thus apparently leaving title to the business property in Dorothy Daggett, who was not a party to this suit. On March 25, 1921, George H. Daggett executed a deed to his wife conveying "the property in controversy." But from the explanation given by Mrs. Daggett in her testimony, and not denied by any testimony offered by the plaintiffs below, all of this property was really the separate property of Mrs. Daggett, except that part thereof, the title to which was in the name of Dorothy Daggett. We adhere to our former ruling.

Appellee bank also urges that we should have affirmed the judgment below as to it on the plea and proof of res adjudicata. The bank introduced a judgment for $790.50 rendered by the county court of Erath county in favor of the bank and against George H. Daggett, and foreclosing an attachment lien on the lots in controversy in block 17, in the original town of Henrietta, against George H. Daggett and Mary H. Daggett. It is not shown when this judgment was rendered, although defendant bank pleaded that this judgment was rendered about July 1, 1921. Attached to the defendant's answer is what purports to be a copy of a default judgment of the Farmers' National Bank v. George H. Daggett et al., against George H. Daggett for debt, in the sum of $790.50, with a foreclosure granted against both George H. Daggett and Mary H. Daggett. Appellee bank states that Mary H. Daggett appealed from this judgment, and it has been affirmed by the Court of Civil Appeals at San Antonio. There is no proof of this affirmance, but in 252 S. W. 344, appears a case of Daggett v. Farmers' National Bank et al., from the county court of Erath County, in which the judgment below was affirmed. We are not advised whether the case contained in 252 S. W. is the same case as the one mentioned in the statement of facts or not. If so, and the Farmers' National Bank desire to urge its plea of res adjudicata on another trial, it can do so. But we hesitate to accept as proven this fact upon such meager showing. Especially so, since it appears in this case that the title to the property foreclosed on was vested at the time of the foreclosure, not in George H. Daggett or Mary H. Daggett, but in Dorothy Daggett.

The case of Quarles v. Eaton-Blewett Co., by this court (210 S. W. 596), upon which appellees rely to sustain their contention, was reversed and rendered by the Supreme Court in 249 S. W. 465, as also was the companion case of Quarles v. Hardin by the El Paso Court of Civil Appeals. The Supreme Court's decision in the last-cited case is found in 249 S. W. 459.

We overrule the motion for rehearing.